GAYE H. LEONARD, PLAINTIFF-APPELLANT v. PHYLLIS B. WILLIAMS, DEFENDANT, THIRD-PARTY PLAINTIFF-APPELLEE v. ROY EDWARD LEONARD, THIRD-PARTY DEFENDANT-APPELLEE

No. 8921SC1383

(Filed 30 October 1990)

1. **Constitutional Law § 74 (NCI3d) — self-incrimination — possible prosecution — expiration of statute of limitations**

    A witness could not invoke the privilege against self-incrimination in an action for criminal conversation on the ground that his testimony might subject him to a prosecution for adultery where the two-year statute of limitations for adultery had expired.

    **Am Jur 2d, Witnesses §§ 38, 39.**

2. **Constitutional Law § 74 (NCI3d) — self-incrimination — possible punitive damages — necessity for threat of execution against person**

    A witness could not invoke the privilege against self-incrimination on the ground that his testimony might subject him to punitive damages in a civil action where there was no showing of a threat of an execution against the person pursuant to N.C.G.S. § 1-311.

    **Am Jur 2d, Witnesses § 41.**

3. **Evidence § 24 (NCI3d) — objections to deposition — reservation for trial by stipulation**

    Where the parties stipulated that all objections during a deposition except as to the form of the question would be

reserved for trial, the third-party defendant reserved his right to object at trial to the admission of his deposition testimony on the ground of self-incrimination.

**Am Jur 2d, Depositions and Discovery §§ 174 et seq.**

APPEAL by plaintiff from order entered 1 November 1989 by *Judge Joseph John* in FORSYTH County Superior Court. Heard in the Court of Appeals 22 August 1990.

*Charles L. Cromer, Attorney at Law, by Charles L. Cromer, for plaintiff-appellant.*

*No brief filed for third-party plaintiff-appellee.*

*No brief filed for third-party defendant-appellee.*

GREENE, Judge.

The plaintiff, Gaye H. Leonard, in this action for criminal conversation alleges that the defendant, Phyllis B. Williams, had sexual relations with the plaintiff's husband, Roy Edward Leonard (third-party defendant). From a summary judgment for the defendant, the plaintiff appeals.

This action is the second of two suits filed by the plaintiff in this matter. The plaintiff originally brought suit against the defendant in 1985, alleging criminal conversation and alienation of affections.

On November 22, 1985, the third-party defendant gave a deposition during which he described in detail his alleged sexual relations with the defendant. All parties were present and represented by counsel during the deposition. Counsel for the parties stipulated that all objections and motions to strike would be reserved until the deposition testimony was offered into evidence at trial, with the exception of objections to the form of the question.

Subsequently, the plaintiff voluntarily dismissed the first suit, and she and the third-party defendant divorced on January 2, 1987.

On November 16, 1987, the plaintiff brought the present action against the defendant for criminal conversation, again alleging that the defendant had sexual relations with the third-party defendant while the plaintiff was married to him. In her answer, the defendant denied the allegations, counterclaimed against the plaintiff and

brought a third-party claim against Roy Leonard, alleging libel and slander.

On September 6, 1989, the plaintiff notified the other parties of her intent to use the third-party defendant's deposition as substantive evidence in the event he invoked his privilege against self-incrimination. On October 31, 1989, the third-party defendant moved in limine to exclude from trial the deposition testimony, and gave notice of his "intention to exercise his right to refuse to testify about any matter tending to incriminate him or expose him to punitive damages. . . ."

The trial court concluded that the third-party defendant had not waived his right to invoke his privilege against self-incrimination by giving his deposition testimony, and that he was entitled to invoke his privilege both as to his live testimony at trial and as to the deposition testimony. The plaintiff conceded that she had no evidence other than the deposition to support her claim, and the court granted summary judgment for the defendant.

---

The issues raised are: Whether the trial court erred by holding that the third-party defendant could invoke the privilege against self-incrimination in regard to (I) his live testimony, and (II) his deposition testimony.

I

[1]   The record does not indicate the specific offense for which the third-party defendant contends he may be subjected to prosecution. We assume he refers to the offense of adultery under N.C.G.S. § 14-184 (1986). However, adultery is a misdemeanor under our statutes, and is therefore subject to a two-year statute of limitations. N.C.G.S. § 15-1 (1983). It is generally held that a witness cannot invoke the privilege against self-incrimination where he is either immune from prosecution, or where prosecution is barred by a statute of limitations. See 98 C.J.S. Witnesses § 437 (1957); 23 Am. Jur. 2d Depositions and Discovery § 38 (1985). "A legal limitation of the time of prosecution is in practical effect an expurgation of the crime; so after the lapse of the time fixed by law the privilege ceases." 8 Wigmore on Evidence § 2279 (McNaughton rev. 1961). The constitution protects against only real danger of prosecution, not mere speculative possibilities. Shaw v.

**LEONARD v. WILLIAMS**

[100 N.C. App. 512 (1990)]

*Williamson*, 75 N.C. App. 604, 331 S.E.2d 203, *disc. rev. denied*, 314 N.C. 669, 335 S.E.2d 496 (1985).

In his deposition testimony, the third-party defendant indicates that his last sexual involvement with the defendant was on January 8, 1984. The present action was brought on November 16, 1987, and the third-party defendant invoked his privilege against self-incrimination on October 31, 1989. Clearly, at the time the privilege was invoked, as well as at the time suit was filed, the two-year statute of limitations had already run as to the offense of adultery. Since any potential prosecution for that offense is barred, it cannot be the basis for invoking the privilege against self-incrimination.

[2] From the trial court's order, it also appears that the court was persuaded by the third-party defendant's contention that he could invoke the privilege against self-incrimination on the basis his testimony would subject him to liability for punitive damages in a civil suit. The defendant, in fact, seeks punitive damages in her claim against the third-party defendant.

The third-party defendant's contention regarding punitive damages apparently stems from *Allred v. Graves*, 261 N.C. 31, 134 S.E.2d 186 (1964). *Allred* holds that a person is entitled to invoke the privilege against self-incrimination where he is subject to a verdict for punitive damages on the grounds that an award of punitive damages gives rise to execution against the person. However, the basis for *Allred* was N.C.G.S. § 1-311 (1953).

> In this State a person may be arrested and held to bail "in an action for the recovery of damages on a cause of action not arising out of a contract where the action is for wilful, wanton, or malicious injury to person or character or for wilfully, wantonly, or maliciously injuring . . . real or personal property." G.S. 1-410 (1); . . . For such acts, when a cause of action is properly alleged and proved and at least nominal damages are recovered by the plaintiff, a jury in its discretion can award punitive damages. . . . In such cases, if a judgment is rendered against a defendant for a cause of action specified in G.S. 1-410 (1), G.S. 1-311 authorizes an execution against the person of the judgment debtor, after the return of an execution against his property wholly or partly unsatisfied.

*Allred* at 37, 134 S.E.2d at 191 (citations omitted).

LEONARD v. WILLIAMS

[100 N.C. App. 512 (1990)]

In 1977, the legislature amended N.C.G.S. § 1-311 limiting execution against the person to cases where either the jury's verdict or the trial court's findings of fact include a finding that the defendant is about to either (1) flee the jurisdiction to avoid paying his creditors, or (2) has concealed or diverted assets in fraud of his creditors, or (3) will do so unless immediately detained. Accordingly, under the present language of N.C.G.S. § 1-311, an award of punitive damages in a cause of action specified under N.C.G.S. § 1-410, alone, does not give rise to execution against the person. *See Shaw* (analyzing the basis for the holding in *Allred* and distinguishing the amended N.C.G.S. § 1-311); *see also* 1 H. Brandis, *Brandis on North Carolina Evidence* § 57 (3d ed. 1988). Therefore, the privilege against self-incrimination cannot now be supported by the mere threat of a punitive damages award. Before one is entitled to invoke the privilege there must be a threat of execution against the person, and here there is nothing in the record to suggest that possibility.

We hold that, upon the record before us, the trial court erred in allowing the third-party defendant to invoke the privilege against self-incrimination as to his live testimony in that he was not faced with any real threat of criminal prosecution or of execution against the person. Our review is limited to the record, and we assume that the third-party defendant's assertion that he may be subject to criminal prosecution is based on the offense of adultery. Upon remand, if the third-party defendant invokes the privilege based on some other offense, the trial court will need to determine whether a real threat of prosecution exists, considered in light of any applicable statute of limitations. *See Trust Co. v. Grainger*, 42 N.C. App. 337, 256 S.E.2d 500, *disc. rev. denied*, 298 N.C. 304, 259 S.E.2d 300 (1979). The same holds true in the event circumstances become such that the third-party defendant may be subject to execution against the person. Unless a real threat exists, the privilege is not available.

We realize that in some instances, the existence of a real threat of prosecution is not easily determined just from the nature of the question asked the witness. In such cases "the judge may, in the absence of the jury, inquire into the matter to the minimum extent necessary to determine that a truthful answer *might* tend to incriminate, and should deny the claim only if there is no such possibility." 1 H. Brandis, *Brandis on Evidence* § 57 (3d ed. 1988). Our cases have also noted that this necessary inquiry partially invades the very privilege the witness seeks to invoke. In *Grainger*,

42 N.C. App. at 340, 256 S.E.2d at 503, this Court noted Judge Learned Hand's evaluation of this problem.

> Obviously a witness may not be compelled to do more than show that the answer is likely to be dangerous to him, else he will be forced to disclose those very facts which the privilege protects. Logically, indeed, he is boxed in a paradox, for he must prove the criminatory character of what it is his privilege to suppress just because it is criminatory. The only practicable solution is to be content with the door's being set a little ajar, and while at times this no doubt partially destroys the privilege, and at times it permits the suppression of competent evidence, nothing better is available.

*United States v. Weisman*, 111 F.2d 260 (2d Cir. 1940).

## II

If the trial court finds that there is a basis to support the third-party defendant's privilege against self-incrimination as to his live testimony, the question remains as to whether the privilege also precludes the use of his deposition testimony.

We note first that under federal practice the usual procedure is for the objecting party to note the objection during the course of the deposition, but to then answer the question. *Perrignon v. Bergen Brunswig Co.*, 77 F.R.D. 455 (N.D. Cal. 1978). However, where the objection is based on privilege, the usual procedure is for the objecting party to halt the deposition and apply to the court for a protective order. *Id.*

[3] Without addressing the applicability of these federal procedures to North Carolina, we find here that the parties expressly stipulated that all objections except as to the form of the question would be reserved for trial. Accordingly, we find that the third-party defendant reserved his right to object at trial to the admission of the deposition testimony on the basis of self-incrimination. Therefore, if the trial court determines during the course of the trial that the defendant may be subject to criminal prosecution or execution against the person, such that he may properly invoke the privilege as to his live testimony, the privilege, once properly invoked, will also serve to exclude the deposition testimony.

Reversed and remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.