BARBARA MacCLEMENTS, PLAINTIFF v. DALE LAFONE, DEFENDANT

No. 9026SC951

(Filed 1 October 1991)

1. Physicians, Surgeons, and Allied Professions § 12.3 (NCI3d) — sexual relationship between therapist and patient — professional malpractice

Plaintiff's evidence was sufficient for the jury in a professional malpractice action against defendant therapist where it tended to show that plaintiff sought treatment at a mental health center for various problems, including male-female relationships; defendant provided therapy for plaintiff for over two months; during an evening therapy session on 10 April 1985 defendant began kissing plaintiff and then had sexual relations with her; defendant later transferred plaintiff's case to another therapist; defendant continued a sexual relationship with plaintiff until the spring of 1986; expert witnesses testified that sexual conduct between a patient and a therapist is unacceptable conduct and falls below the applicable standard of practice; plaintiff suffers from post-traumatic stress disorder as a result of defendant's conduct; and plaintiff will need extensive therapy to enable her again to enter into a therapeutic relationship and then to address the original issues which prompted her initially to seek treatment from defendant.

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 83, 275; Seduction § 8.

Civil liability of doctor or psychologist for having sexual relationship with patient. 33 ALR3d 1393.

2. **Physicians, Surgeons, and Allied Professions § 12.3 (NCI3d) — sexual relationship between therapist and patient — consent — instructions**

   The trial court did not err in failing to submit a preclusive issue of consent to the jury in a professional malpractice action based on a sexual relationship between defendant therapist and plaintiff patient.

   **Am Jur 2d, Physicians, Surgeons, and Other Healers § 366.**

3. **Rules of Civil Procedure § 15.1 (NCI3d) — amendment of complaint — punitive damages**

   The trial court did not abuse its discretion in allowing plaintiff to amend her complaint to allege a claim for punitive damages in a professional malpractice action.

   **Am Jur 2d, Physicians, Surgeons, and Other Healers § 371; Pleading § 323.**

4. **Damages § 131 (NCI4th); Physicians, Surgeons, and Allied Professions § 21 (NCI3d) — professional malpractice — punitive damages — sufficiency of evidence**

   Plaintiff's evidence was sufficient for submission of an issue of punitive damages to the jury in a professional malpractice action against defendant therapist where it tended to show that plaintiff sought treatment from defendant for various problems, including male-female relationships; defendant treated plaintiff for over two months; on 10 April 1985 plaintiff called defendant in a panic and arranged a 12:00 noon appointment for that day; defendant called her back following this appointment to arrange another appointment the same day for after office hours; defendant had sexual relations with plaintiff during this later appointment; and defendant terminated his treatment of plaintiff and arranged for her case to be transferred to a female therapist.

   **Am Jur 2d, Physicians, Surgeons, and Other Healers § 371.**

5. **Constitutional Law § 354 (NCI4th); Rules of Civil Procedure § 37 (NCI3d) — possible punitive damages — insufficiency to invoke self-incrimination privilege**

   The trial court's allowance of plaintiff's motion to compel defendant to respond to deposition questions regarding his sexual affairs with plaintiff and other patients did not violate

MacCLEMENTS v. LAFONE

[104 N.C. App. 179 (1991)]

defendant's right against self-incrimination on the ground that his testimony might subject him to punitive damages where there was no showing of a threat of execution against the person under N.C.G.S. § 1-311.

**Am Jur 2d, Depositions and Discovery §§ 38, 39.**

6. **Evidence § 19 (NCI3d) — malpractice — sexual relations with patient — evidence of sexual relations with other patients**

In a professional malpractice action based on a sexual relationship between defendant therapist and plaintiff patient which began while defendant was treating plaintiff at a mental health center, testimony that defendant had previously engaged in sexual relations with three of his other patients at the mental health center was properly admitted to show defendant's scheme or intent to take advantage of female patients being treated by him at the mental health center. N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Evidence § 334.**

7. **Evidence § 52 (NCI3d) — expert testimony — capacity to consent to sex with therapist**

In a professional malpractice action based on a sexual relationship between defendant therapist and plaintiff patient, the trial court did not err in the admission of expert testimony concerning plaintiff's capacity to consent to the sexual conduct in question where the witness's opinion was based on his interpretation of plaintiff's medical records while defendant was treating her.

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ .341, 345, 346, 351.**

8. **Physicians, Surgeons, and Allied Professions § 15.1 (NCI3d) — professional malpractice — violation of ethical standards**

The trial court in a professional malpractice action against a therapist did not err in admitting testimony of defendant's violation of ethical principles for marriage and family therapists where expert testimony equated the relevant ethical principles with the accepted standard of reasonable care imposed by tort law.

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 212, 213.**

9. **Insurance §.150 (NCI3d); Physicians, Surgeons, and Allied Professions § 15 (NCI3d) — malpractice action — evidence of liability insurance inadmissible**

The trial court did not err in excluding evidence of defendant's professional liability insurance policy in a professional malpractice action.

**Am Jur 2d, Evidence § 404.**

**Propriety and prejudicial effect of trial counsel's reference or suggestion in medical malpractice case that defendant is insured. 71 ALR4th 1025.**

**Admissibility of evidence, and propriety and effect of questions, statements, comments, etc., tending to show that defendant in personal injury or death action carries liability insurance. 4 ALR2d 761.**

APPEAL by defendant from judgment entered 14 March 1990 by *Judge James U. Downs* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 19 August 1991.

Plaintiff sought counseling in January 1985 at Mecklenburg Mental Health Center (MMHC). MMHC assigned her case to defendant, one of its employees. Plaintiff contends on 10 April 1985 defendant began kissing her during an evening therapy session and then had sexual relations with her. Defendant contends his sexual relationship with plaintiff began on 11 April 1985, after he had terminated the therapist/patient relationship.

Plaintiff filed a professional malpractice action against defendant on 7 April 1988. Following a jury trial plaintiff received a verdict in the amount of $135,000.00. From the resulting judgment, defendant appeals.

*Lesesne & Connette, by Edward G. Connette; and Karro, Sellers, Langson & Gorelick, by Seth H. Langson, for plaintiff-appellee.*

*Elrod & Lawing, P.A., by Frederick K. Sharpless and Elizabeth G. Grimes, for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant first assigns error to the trial court's denial of his motion for a directed verdict.

MacCLEMENTS v. LAFONE

[104 N.C. App. 179 (1991)]

In passing upon a defendant's motion for directed verdict, the plaintiff's "evidence must be taken as true, . . . and [the motion] may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiffs." *Dickinson v. Pake*, 284 N.C. 576, 583, 201 S.E.2d 897, 902 (1974).

*Mazza v. Huffaker*, 61 N.C. App. 170, 174, 300 S.E.2d 833, 836, *review denied*, 309 N.C. 192, 305 S.E.2d 734 (1983). If all the essential elements of actionable negligence tend to be supported after the evidence is taken in the light most favorable to the plaintiff, along with all permissible inferences, the motion is properly denied. *Id.*

Defendant's liability is conditioned on plaintiff's proof

that the care of such health care provider was not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged act giving rise to the cause of action.

N.C. Gen. Stat. § 90-21.12 (1990). Expert testimony is ordinarily required in determining this standard of care. *Id.* at 175, 300 S.E.2d at 837.

Plaintiff presented evidence tending to show the following facts. In January 1985 plaintiff sought treatment at the Mecklenburg Mental Health Center (MMHC) for depression resulting from the loss of a significant relationship and problems in male-female relationships. MMHC assigned her case to defendant, whose job title is variously described in plaintiff's medical records as psychologist, psych. I, and clinician.

Defendant provided therapy for plaintiff until 10 April 1985. During an evening therapy session on that date defendant began kissing plaintiff and then had sexual relations with her. Defendant later transferred plaintiff's case to another therapist. He continued a sexual relationship with her until the spring of 1986.

Plaintiff presented expert testimony which tended to show the following. Patients commonly experience "transference" during the therapeutic process. This is a psychological term describing how patients will attribute to their therapist feelings the patients have had toward significant others in their lives. Feelings of closeness, intimacy, and sexual attraction to the therapist are com-

MacCLEMENTS v. LAFONE

[104 N.C. App. 179 (1991)]

monly involved. By reacting differently than the patient's significant others have reacted to these feelings, the therapist allows the patient to experience a different style of relationship. Therapeutic change can then occur. A therapeutic relationship is built upon trust and objectivity. Sexual intimacy with a patient is a serious breach of this trust and objectivity. "Courts have uniformly regarded mishandling of transference as malpractice or gross negligence." *Simmons v. United States*, 805 F.2d 1363, 1365 (1986) (ten citations omitted).

Expert testimony also addressed the standards of practice for psychologists or therapists in Charlotte, North Carolina for the relevant time period. These expert witnesses testified that sexual contact between a patient and a therapist, counselor or psychologist was unacceptable conduct and fell below the applicable standards of practice. Testimony clearly shows defendant engaged in a sexual relationship with plaintiff, thereby violating this standard.

Other expert testimony diagnosed plaintiff as suffering from post-traumatic stress disorder as a result of defendant's conduct. Plaintiff would need extensive therapy, first to enable her to enter again into a therapeutic relationship and then to address the original issues which prompted her to seek treatment from defendant initially. Plaintiff has presented evidence of professional malpractice sufficient to withstand defendant's motion for a directed verdict.

Defendant also assigns error to the trial court's denial of his motion for judgment notwithstanding the verdict. The standards employed by the trial court in passing on a motion for directed verdict are also used in passing on a motion for judgment notwithstanding the verdict. *Id.* at 174, 300 S.E.2d at 836-37. For the reasons discussed in the preceding assignment of error, the evidence in the record is sufficient to withstand defendant's motion for judgment notwithstanding the verdict.

[2] Defendant contends the trial court erred by failing to submit a preclusive issue of consent to the jury. While defendant argues exhaustively by analogy and implication the concept of consent as a defense in this negligence-based action, he cites no authority directly on point. We are not persuaded.

"Jury instructions must be considered and reviewed in their entirety; the instructions will not be dissected and examined in fragments. *Gregory v. Lynch*, 271 N.C. 198, 155 S.E.2d 488 (1967)."

*Robinson v. Seaboard System R.R., Inc.*, 87 N.C. App. 512, 524, 361 S.E.2d 909, 917 (1987), *review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988). If there is no reasonable cause to believe the charge misled the jury or affected the impartiality of the trial, the assignment of error will be overruled. *Id.* Any perceived error regarding plaintiff's consent accrued to defendant's benefit, so defendant is unable to demonstrate that he has been prejudiced as a result. *Id.* at 528, 361 S.E.2d at 919. This assignment of error is overruled.

[3] Defendant argues the trial court erred in granting plaintiff's motion to amend her complaint to add a claim for punitive damages. A motion to amend is addressed to the trial court's sound discretion, and its decision will not be disturbed on appeal without a clear showing of abuse of discretion. *Mauney v. Morris*, 316 N.C. 67, 340 S.E.2d 397 (1986). Defendant failed to carry his burden of satisfying the trial court that he would be prejudiced by the amendment. *Id.* The record does not support defendant's contentions of material prejudice. After careful review of the record we find no abuse of discretion by the trial court.

[4] Defendant contends the trial court erred in denying his motions for a directed verdict and for judgment notwithstanding the verdict as to plaintiff's claim for punitive damages. The punitive damages issue is properly submitted to the jury "[i]f there is sufficient evidence from which the jury may reasonably infer that the wrongdoer's . . . acts were aggravated by . . . a wanton and reckless disregard of plaintiff's rights[.]" *Mazza*, 61 N.C. App. at 188, 300 S.E.2d at 844.

Plaintiff's evidence tends to show the following facts. Plaintiff sought treatment from defendant for various problems, including male-female relationships. Defendant treated plaintiff for over two months. On 10 April 1985 plaintiff called defendant in a panic and arranged a 12:00 appointment for that day. Defendant called her back following this appointment to arrange another appointment on 10 April for after office hours. Defendant had sexual relations with plaintiff during this later appointment. He terminated his treatment of her and arranged for her case to be transferred to a female therapist. From the record before us there was sufficient evidence to warrant the submission of the punitive damages issue to the jury. The trial court did not err in denying defendant's motions.

[5] Defendant contends the trial court erred in granting plaintiff's motion to compel defendant's response to deposition questions re-

garding his sexual affairs with plaintiff and other patients. He argues the trial court's action violated his privilege against self-incrimination. Defendant bases his contention upon *Allred v. Graves*, 261 N.C. 31, 134 S.E.2d 186 (1964). The basis for *Allred* was N.C. Gen. Stat. § 1-311 (1953). *Leonard v. Williams*, 100 N.C. App. 512, 515, 397 S.E.2d 321, 323 (1990).

In order for a defendant to invoke his privilege against self-incrimination, "there must be a threat of execution against the person[.]" *Id.* at 516, 397 S.E.2d at 324. Due to an amendment of G.S. § 1-311 (1983) in 1977, execution against a person under this statute is limited

to cases where either the jury's verdict or the trial court's findings of fact include a finding that the defendant is about to either (1) flee the jurisdiction to avoid paying his creditors, or (2) has concealed or diverted assets in fraud of his creditors, or (3) will do so unless immediately detained.

*Id.* There being no such finding in the case *sub judice*, defendant has no basis to exercise his privilege against self-incrimination because of the threat of a punitive damages award. *Id.*

[6] Next defendant contends the trial court erred by allowing the admission of testimony concerning three patients with whom defendant had engaged in sexual relations prior to plaintiff. "Evidence of other crimes, wrongs or acts is admissible to show that a defendant had the requisite mental intent or state[.]" *State v. Mills*, 83 N.C. App. 606, 611, 351 S.E.2d 130, 133 (1986) (omitted citations).

[T]he ultimate test for determining whether such evidence is admissible [under N.C.R. Evid. 404(b)] is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403. *State v. Cotton*, 318 N.C. 663, 665, 351 S.E.2d 277, 278-79 (1987).

*State v. Boyd*, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988).

The prior incidents of sexual relations occurred between defendant and three patients. Defendant treated each of these patients while employed at MMHC. He began the first relationship with a patient during his first year at MMHC in 1977. Defendant engaged in sexual relations with the first in his office and with the next two patients in their homes. He concluded each relation-

ship before he began the next. Plaintiff was defendant's patient at MMHC. She testified that defendant engaged in sexual relations with her in his office and her home beginning in 1985.

Testimony of these prior relationships with defendant's patients is admissible under N.C.R. Evid. 404(b). It tends to demonstrate defendant's scheme or intent to take advantage of female patients being treated by him at MMHC. The trial court did not abuse its discretion by admitting the testimony under the balancing test of N.C.R. Evid. 403.

[7] Defendant further contends the trial court erred in admitting Dr. Tyson's testimony regarding plaintiff's capacity to consent to the sexual conduct in question. On redirect examination Dr. Tyson was asked if he had an opinion as to plaintiff's capacity to consent. Dr. Tyson was directed to base this opinion upon his "review of the medical records from the Mecklenburg Mental Health Center for the period of January 1985 through April 1985" and his "training and education."

Given that Dr. Tyson's opinion was based on his interpretation of plaintiff's medical records while defendant was treating her, defendant's reliance upon *Cox v. Jefferson-Pilot Fire and Cas. Co.*, 80 N.C. App. 122, 341 S.E.2d 608, *cert. denied*, 317 N.C. 702, 347 S.E.2d 38 (1986), is misplaced. Plaintiff supplied none of the information which Dr. Tyson relied upon in forming his opinion. The trial court did not err in admitting this testimony.

[8] In his final argument defendant contends the trial court erred by allowing testimony and receiving evidence of his violation of ethical principles for marriage and family therapists. Expert testimony equated the relevant ethical principles with the accepted reasonable standard of care imposed by tort law. *Mazza*, 61 N.C. App. at 184, 300 S.E.2d at 842. Defendant's argument is unavailing.

[9] Plaintiff cross-assigns error to the trial court's refusal to admit into evidence defendant's professional liability insurance policy. "The existence of insurance covering a defendant's liability in an action for damages by reason of defendant's negligence is wholly irrelevant to the issues involved. . . . The North Carolina courts have adhered to the rule that evidence or mention of insurance is not permitted." *Maness v. Bullins*, 19 N.C. App. 386, 387-88, 198 S.E.2d 752, 753, *cert. denied*, 284 N.C. 254, 200 S.E.2d 654 (1973) (citation

omitted). The trial court's exclusion of this evidence was not erroneous.

No error.

Chief Judge HEDRICK and Judge PHILLIPS concur.