565 P.2d 891

Betty Kay GAGNON, Petitioner,

v.

The SUPERIOR COURT OF PIMA COUNTY, Division Ten, the Honorable Norman Fenton, a Judge thereof, Respondents,

and

Benjamin BENTON, II and William Crum, Real Parties in Interest.

No. 2 CA–CIV 2471.

Court of Appeals of Arizona, Division 2.

March 1, 1977.

Higgins & Vincent by Thomas E. Higgins, Jr., Tucson, for petitioner.

Knez, Glatz & Crites, P. C. by Richard D. Crites, Tucson, for Real Party in Interest—Benton.

Russo, Cox, Dickerson & Cartin, P. C. by Jerold A. Cartin, Tucson, for Real Party in Interest—Crum.

## OPINION

RICHMOND, Judge.

Petitioner brings this challenge to the trial court's denial of her motion to compel testimony. Since petitioner seeks review of a non-appealable discovery order, relief by special action is appropriate and we assume jurisdiction.

Petitioner herein is the respondent in a superior court custody case in which real party in interest Benton contends he is the father of the minor, age 7. Petitioner contends, however, that real party in interest Crum is the father. At deposition Crum refused on Fifth Amendment grounds to answer the question whether he knew petitioner. Petitioner then filed a motion to compel testimony, which was denied on the basis of *Thoresen v. Superior Court In and For Maricopa Co.,* 11 Ariz.App. 62, 461 P.2d 706 (1969). While we agree that the *Thoresen* decision is applicable to the instant case, we think the trial court abused its discretion in denying the motion.

Petitioner was 17 years old at the time the child was conceived. Crum argues that even though the statute of limitations may have run as to charges of second-degree rape, first-degree rape, adultery, or fornication, he still might be subject to criminal prosecution, assuming paternity were established and at some future date he were ordered to pay support but later failed to do so. He contends that he then might be convicted under A.R.S. § 13–801,[1] and argues that his right not to incriminate himself therefore is applicable.

The language in *Thoresen* upon which the trial court apparently relied is as follows:

"The privilege [Fifth Amendment] extends not only to answers which would in and of themselves support a criminal conviction, but also to answers which would furnish a link in the chain of evidence needed to prosecute. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). The privilege may be invoked when the claimant has reasonable cause to apprehend danger of incrimination. *Hoffman v. United States, supra; Phelps Dodge Corp. v. Superior*

---

1. § 13–801

   A. A parent who wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attention for his or her minor child is guilty of a misdemeanor punishable by imprisonment in the county jail for not to exceed six months.

*Court, supra.* [7 Ariz.App. 277, 438 P.2d 424 (1968)]" 11 Ariz.App. at 66, 461 P.2d at 710.

The language immediately following, however, is most important:

"The claimant must, however, show a 'real danger', and not a 'mere imaginary possibility' of prosecution. [Citations omitted.] Although claimable in a civil proceeding, the privilege was not intended ' * * * to affect the rights of litigants in the ordinary civil action.' *Phelps Dodge Corp., supra,* 7 Ariz.App. at 284, 438 P.2d 431." 11 Ariz.App. at 66, 461 P.2d at 710.

We think Crum has failed to demonstrate a "real danger." The possibility that a criminal act may occur in the future affords no privilege as to past indiscretions for which the witness is immune from prosecution.

We therefore find Crum's attempted invocation of the Fifth Amendment privilege to be improper. We vacate the order of the trial court denying the motion to compel and direct that the motion be granted. The stay order in effect is hereby vacated.

HOWARD, C. J., and HATHAWAY, J., concur.