## CIRCUIT COURT OF FAIRFAX COUNTY

Messiah

v.

Messiah

October 25, 1989

Case No. (Chancery) 110950

By JUDGE MICHAEL P. McWEENY

This matter came before the Court upon Complainant's Motion to Compel Answers to certain questions posed at a deposition on October 3, 1989, to which the Defendant invoked his Fifth Amendment privilege. Following the arguments of counsel on October 13, 1989, the Court requested a responsive brief from the Defendant and took the matter under advisement. The Court has now had time to review the briefs submitted by counsel, and for the reasons set forth below, Complainant's Motion to Compel Answers concerning the alleged adultery in 1985 is granted; as to all other questions to which the Defendant asserted his Fifth Amendment privilege, Complainant's motion is denied.

Complainant has alleged incidents involving adultery, the first occurring in December, 1985, and the second in March, 1989. With respect to Defendant's alleged 1989 adultery, the Court notes that in Virginia, adultery is a Class Four misdemeanor punishable by a $100.00 fine. Va. Code §§ 18.2-365 and 18.2-11. The Statute of Limitation for a Class Four misdemeanor is one year. Va. Code Section 19.2-8. Since the statute of limitation for a misdemeanor committed in 1989 had not run as of the October 3, 1989, deposition of the Defendant, his answer could result or assist in his criminal prosecution. Thus, where the witness has reasonable cause to apprehend danger from a direct

answer assertion of the privilege is appropriate. *Hoffman v. U.S.*, 341 U.S. 479, 71 S. Ct. 814, 818 (1951). This privilege will be sustained where it is evident from the implications of the question, in the setting in which it is asked, that a response or an explanation why it cannot be answered may result in an injurious disclosure. *Id.*

In *U.S. v. Goodman*, 289 F.2d 256 (4th Cir. 1961), the Court noted that absent the possibility of prosecution resulting from the witness' answers, a refusal to testify is not justified. Relying on *Goodman*, Complainant argues that the Fifth Amendment privilege is not available to the Defendant as to questions concerning allegations of adultery in 1985 because the one-year statute of limitations has run. The Defendant claims that because certain sexual activities are deemed to be felonies, *e.g.*, Va. Code § 18.2-361, he faces the possibility of prosecution, thus his refusal to answer is appropriate. The Court disagrees. The privilege against self-incrimination is invoked to ward off real danger as distinguished from remote or the speculative possibility of danger. *Brown v. Walker*, 161 U.S. 591, 599, 600 (1896). At issue are questions concerning alleged adultery committed in 1985. At the October 3, 1989, deposition, the one-year statute of limitation had run, thus barring any possible prosecution as a result of Defendant's answers, even if the alleged acts were admitted. Moreover, given the absence of any questions concerning sexual activities deemed a felony, there appears to be little danger of self-incrimination to the Defendant in responding to the question posed.

The Defendant has also raised his Fifth Amendment privilege as to what may have been discussed with the Complainant during a restaurant meeting on April 3, 1989. The Court discerns from the arguments of counsel that the meeting included discussions of both the 1985 and 1989 incidents and finds the assertion of the privilege as to the entire conversation is justified.

In seeking information based on a credit card statement of the Defendant, Complainant's reliance on *Environmental Defense Fund, Inc. v. Lamphier*, 714 F.2d 331 (4th Cir. 1983), is misplaced. Specifically, it does not support her argument that the Defendant waived his Fifth Amendment privilege concerning the details surrounding facts revealed

in a credit card statement introduced by the Complainant. At the deposition, Defendant acknowledged the accuracy of certain information in the statement but invoked the Fifth Amendment privilege as to other information not stated in the document. *Environmental Defense Fund* is distinguishable on two critical points. First, in that case, the documents were introduced by the party seeking to limit the disclosure of their contents, and the Court ruled this was a partial waiver of the Fifth Amendment privilege. Second, the extent of possible criminal conduct was fully disclosed in the documents. As such, the Court found no additional danger of further incrimination in disclosure of explanatory details nor were the parties required to testify beyond the scope of the documents.

In the facts before this Court, the Complainant seeks to compel disclosure of explanatory details beyond the scope of the credit card statement. As these details relate to the alleged acts of adultery in 1989, the possibility of self-incrimination exists as to the Defendant's answers. If the Fifth Amendment privilege is raised in response, it will be sustained where it is evident from the context and setting that the answer or an explanation why it cannot be answered might be injurious. *Hoffman*, at 818; *North American Mortgage v. Pomponio*, 219 Va. 914 (1979).