## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph Cornelison

v.

Virginia Hancock DeWeese (Cornelison)

November 27, 1990

Case No. (Chancery) 92718

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is petitioner Joseph Cornelison's Motion to Compel Virginia Hancock DeWeese (Cornelison) and Donald B. DeWeese to answer certain questions posed at deposition which relate to the issue of their cohabitation without benefit of marriage. The dispute arises as a result of petitioner's claims that Virginia Hancock DeWeese, his former spouse, breached the parties' separation agreement dated June 4, 1985, and incorporated into the divorce decree entered on November 2, 1985. Under the terms of the decree, Mrs. DeWeese was to receive support payments as alimony from Mr. Cornelison until she remarried, cohabited with another man, or died. Claiming his former spouse cohabited with another man during the period she received support, Mr. Cornelison seeks judgment against his former spouse in the amount of $7,400.00. In refusing to answer the questions posed, Mr. and Mrs. DeWeese invoked their rights under the Fifth Amendment of the U. S. Constitution. For the reasons stated below, I grant petitioner's Motion to Compel.

There is no blanket Fifth Amendment right to refuse to answer questions in non-criminal proceedings. *North Am. Mort. v. Pomponio*, 219 Va. 914, 918 (1979). The test

to be applied by the court in its determination of the validity of the claim and to sustain the privilege was enunciated in *Hoffman v. United States*, 341 U.S. 479 (1951).

> The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself -- his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, *Rogers v. United States*, 340 U.S. 367 (1951). . . To sustain the privilege, it need not be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." *See* Taft, J., in *Ex parte Irvine*, 74 F. 954, 960 (C.C.S.D. Ohio, 1896)."

*Id.* at 486-87. *See also, North Am. Mort. v. Pomponio*, 219 Va. at 919; *Ford v. Commonwealth*, 215 Va. 308, 311-312 (1974). The claimant must be faced with a risk of incrimination that is substantial and real and not merely trifling or imaginary. *United States v. Apfelbaum*, 445 U.S. 115 (1980) *on remand* 621 F.2d 62 (3rd Cir. 1980).

The question to be specifically answered here is whether inquiries regarding past cohabitation expose the DeWeeses to a "real and appreciable" hazard of prosecution for violation of certain criminal laws. *Ford v. Commonwealth*, 215 Va. at 314. The laws at issue in any possible prosecution of the DeWeeses are Va. Code § 18.2-345 (lewd and lascivious cohabitation); § 18.2-344 (fornication); Section 18.2-347 (keeping, residing in or frequenting a bawdy place); and § 18.2-365 (adultery).

I find the hazard of prosecution to which the DeWeeses are exposed for any claimed violation of the referenced statutes to be theoretical, remote and unlikely. First, no one has cited any arrests or prosecutions for violation of these criminal laws under the circumstances which exist

in this case, which have been pursued in recent memory. *See, e.g., James Doe v. Duling,* 782 F.2d 1202 (4th Cir. 1986). (Recorded cases reveal that the application of the statutes (§§ 18.2-344 and 18.2-365) to (non-prostitutional, heterosexual activities of two unmarried, consenting adults in the privacy of one's home) is, at most, a matter of historical curiosity). Furthermore, it appears the statute of limitations bars prosecution for any possible crimes with which the DeWeeses could be charged.

Finally, I believe Mrs. DeWeese is equitably estopped from asserting her constitutional right to remain silent. *Wilson v. Philadelphia,* 195 A. 90 (Pa. 1937). (In the proper case, estoppel may operate to cut off a right or privilege conferred by the constitution). *See also In re Asterbloom's Adoption,* 165 P.2d 157, 160 (Nev. 1946); *Johnson v. Neel,* 229 P.2d 939 (Colo. 1951); 16 Am. Jur. sect. 207 "Estoppel, generally."

Mrs. DeWeese received and enjoyed the benefit of her bargain, on the implicit representation that she was not in breach of any of the conditions of its receipt, to wit, that she was not cohabiting with another man. Candid disclosure of the facts relating to the right to support is, implicitly, at the very core of this agreement. By her conduct, whether by words or by silence, Mrs. DeWeese induced Mr. Cornelison to rely upon her representations that she had not experienced any change in status. Having induced Mr. Cornelison to act in reliance on her implied agreement to candidly disclose any such changes, and on her representations she was not in breach, Mrs. DeWeese should not now be allowed to invoke her Fifth Amendment right to remain silent on the issue of her status. *C. S. Luck & Sons, Inc. v. Boatwright,* 157 Va. 490 (1932) (where a party to a transaction induces another to act upon the reasonable belief that he has waived or will waive certain rights, which he is entitled to assert, the party will be estopped to insist upon such rights to the prejudice of the other); *Sullivan v. Commonwealth,* 157 Va. 867 (1931); *Wilson v. Philadelphia,* 195 A. 90 (Pa. 1937).