## CIRCUIT COURT OF FAIRFAX COUNTY

Doris A. W. Pierce

v.

Robert W. Pierce

October 21, 1991

Case No. (Chancery) 118050

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is complainant Doris A. W. Pierce's motion to compel defendant Robert W. Pierce to answer certain questions asked during his deposition and in interrogatories served upon him. Mr. Pierce refused to answer both the deposition questions and the interrogatories at issue based on his Fifth Amendment privilege against self-incrimination under the United States Constitution. The complainant's motion also requests the Court to compel Marie Liza Belen to answer certain questions asked at her deposition on September 19, 1991, to which she likewise invoked the protection of the Fifth Amendment. For the reasons stated below, the motion to compel is granted with the limitations noted.

The complainant filed a Bill of Complaint for Divorce on September 21, 1990, alleging as grounds the adulterous conduct of her husband. The Bill of Complaint alleged that the defendant committed adultery on or about April 20 and April 21, 1990, in Myrtle Beach, South Carolina. In addition, the Bill of Complaint alleged that the defendant committed adultery on or about May 18-19, 1990, and July 6-7, 1990, in Fairfax County, Virginia.

The complainant inquired about the defendant's alleged adulterous conduct in interrogatories served upon the defendant with the Bill of Complaint. The complainant

also inquired about the defendant's alleged adulterous conduct at his deposition on December 7, 1990. The defendant, over the objection of counsel for the complainant, refused to answer the inquiries on Fifth Amendment grounds, as noted above.

On September 2, 1991, the defendant took the deposition of his wife and of Steven Woodell, during which both individuals were questioned about the alleged adulterous conduct of Mrs. Pierce. Both Mrs. Pierce and Mr. Woodell answered the questions asked and admitted the allegations of adultery. The next day, Mr. Pierce, by counsel, filed a Cross-Bill for Divorce against his wife on the grounds of adultery and desertion asking, *inter alia*, for a denial of Mrs. Pierce's prayer for permanent alimony and any other monetary award, including counsel fees.

It is well established that there is no blanket Fifth Amendment right to refuse to answer questions in non-criminal proceedings. *North American Mortgage Co. v. Pomponio*, 219 Va. 914, 918 (1979). Where a witness is faced with a risk of incrimination that is substantial and real, and not merely trifling or imaginary, assertion of the privilege is appropriate. *United States v. Apfelbaum*, 445 U.S. 115 (1980); *Hoffman v. U.S.*, 341 U.S. 479 (1951); *United States v. Goodman*, 289 F.2d 256 (4th Cir. 1961), *vacated as moot*, 368 U.S. 14 (Oct. 16, 1961). However, where the risk of prosecution for the alleged conduct is remote because barred by the statute of limitations, invocation of the Fifth Amendment privilege is not proper. *Leonard v. Williams*, 397 S.E.2d 321 (N.C. App. 1990); *Gagnon v. Superior Court of Pima City*, 565 P.2d 891 (Ariz. App. 1977); *Graham v. Miracle*, 556 P.2d 605 (Okla. 1976); *Messiah v. Messiah*, 17 Va. Cir. 365 (1989); *Cornelison v. Cornelison*, 22 Va. Cir. 234 (1990); *see also United States v. Goodman*, 289 F.2d at 259.

When Mr. Pierce was questioned at his deposition on December 7, 1990, he properly invoked the Fifth Amendment privilege against self-incrimination with regard to the adulterous conduct alleged to have taken place in South Carolina during April of 1990 and in Virginia during May and July of 1990. At the time his deposition was taken, the respective statutes of limitation for adultery had not yet expired, and so the defendant still faced some risk of prosecution for the alleged adulterous conduct.

350

However, at present Mr. Pierce no longer faces a risk of prosecution for the adulterous conduct alleged to have taken place in Virginia during May and July of 1990. The Virginia one-year statute of limitations for adultery has run with respect to this alleged conduct. Because criminal prosecution for these alleged instances of adultery would be time-barred, Mr. Pierce may not continue to refuse to answer questions regarding them based on his Fifth Amendment privilege against self-incrimination. *Leonard v. Williams*, 397 S.E.2d 321 (N.C. App. 1990); *Gagnon v. Superior Court of Pima City*, 565 P.2d 891 (Ariz. App. 1977); *Graham v. Miracle*, 556 P.2d 605 (Okla. 1976); *Messiah v. Messiah*, 17 Va. Cir. 365 (1989); *Cornelison v. Cornelison*, 22 Va. Cir. 234 (1990); *see also United States v. Goodman*, 289 F.2d at 259.

Mr. Pierce may still face some risk of prosecution with respect to the adulterous conduct alleged to have taken place in South Carolina during May of 1990. Because it appears that South Carolina has no statute of limitation for the crime of adultery[1], Mr. Pierce will not be compelled to answer questions regarding his alleged adulterous conduct in South Carolina based on his Fifth Amendment privilege against self-incrimination.

The above reasoning also applies to the motion to compel Ms. Belen to answer questions posed during her deposition regarding her alleged adulterous conduct with the defendant. To the extent that the questions asked relate to conduct occurring in Virginia more than one-year prior to the date of her deposition, Ms. Belen may not refuse to answer based on the Fifth Amendment privilege against self-incrimination. To the extent the questions relate to conduct occurring in South Carolina, she may still invoke Fifth Amendment protection.

---

[1] At common law, there was no statute of limitation for prosecuting a criminal offense. In the absence of a statute of limitation specially applicable to a criminal offense, a prosecution may be instituted at any time. 21 Am. Jur. 2d, Criminal Law, sect. 223 at 408 (1981). It appears that South Carolina has not provided a statute of limitation for adultery, so a prosecution for that offense is not barred by the lapse of time. See, e.g., State v. Gregory, 4 S.E.2d 1 (no statute of limitation for embezzlement, so prosecution for embezzlement may be instituted at any time).

Mr. Pierce also cites previous rulings by the court limiting the complainant to one deposition of the defendant and asserts that the rulings bar further deposition examination with respect to his alleged adultery. However, the court rulings referred to did not consider the issue raised here by defendant's refusal to answer certain questions at his deposition based on the Fifth Amendment, particularly in light of the husband's Cross-Bill praying that the wife's petition for support and other monetary awards be denied. Since the first deposition of the defendant was taken, the posture of this case has thus changed. In light of this circumstance, it would be unfair to limit the complainant to one deposition of the defendant.

While the motion to compel is granted, it is limited in the following respect. The deposition of each deponent shall not include questions seeking information about alleged adulterous conduct that occurred before January 1989 and after October 1, 1990, or conduct that allegedly occurred in South Carolina. The complainant shall be limited to two hours of examination as to each deponent. The limitation on the time frame for examination may be enlarged only at the election of defendant's counsel. The interrogatories shall likewise be limited in scope to the time period between January 1989 to October 1, 1990, and shall not include interrogatories about adulterous conduct that allegedly occurred in South Carolina.