**CIRCUIT COURT OF FAIRFAX COUNTY**

Donaldson

v.

Donaldson

April 10, 1992

Case No. (Chancery) 120601

BY JUDGE THOMAS J. MIDDLETON

This matter arises out of a divorce action and comes before the court on Plaintiff/Wife's motion. The Motion requests the following relief: (1) an order ruling that the allegations of adultery in the Bill of Complaint be deemed admitted; (2) sanctions against the defendant for his invocation of the privilege against self-incrimination in answer to questions in interrogatories about adultery; (3) an order denying the defendant any affirmative relief; and (4) attorney's fees and costs.

For reasons set forth below, the allegations of adultery are not deemed to be admitted. Although the court declines to impose sanctions at this time, if the defendant continues to invoke the privilege against self-incrimination, the court will impose sanctions as set forth below. The motion for attorney's fees and costs is denied.

I. *The allegations of adultery are not deemed to be admitted.*

In answer to his wife's allegations of adultery in the Bill of Complaint, defendant responded that he "neither admits nor denies [the allegations], and demands strict proof thereof." The wife argues that the husband's response is evasive and equivocal. Relying on *Lumbermen's Mutual v. Hodge*, 205 Va. 36 (1964), she maintains that an

evasive or equivocal answer does not constitute a denial. Relying further on Rule 1:4(e), she maintains that since the allegations of adultery have not been denied, they are deemed to be admitted.

For the following reasons, neither the *Lumbermen's* case nor Rule 1:4(e) applies to divorce actions. Rule 1:4(e) provides:

> An allegation of fact in a pleading that is not denied by the adverse party's pleading, *when the adverse party is required by these Rules to file such pleading*, is deemed to be admitted.

(Emphasis added.) Only when the adverse party is required to file a response does Rule 1:4(e) provide that an allegation which is not denied is deemed to be admitted. In a divorce action, an adverse party is not required to file a response. Rule 2:12 provides in pertinent part:

> When the court has entered its order overruling all motions, demurrers and other pleas filed by a defendant, such defendant shall, unless he has already done so, file his answer within twenty-one days after the entry of such order, or within such shorter or longer time as the court may prescribe. If he fails to do so the bill shall, *except in suits for annulling a marriage or for divorce*, stand taken for confessed as to him.

(Emphasis added.) Because a Bill of Complaint for Divorce cannot be taken for confessed, the defendant is not required to file an Answer, and Rule 1:4(e) is inapplicable. Indeed, even where a defendant/spouse admits an allegation, corroborating testimony is required to establish the facts pleaded. *Westfall v. Westfall*, 196 Va. 97, 102 (1954).

For the foregoing reasons, the allegations of adultery are not deemed to be admitted.

II. *The motion for sanctions will be granted if the defendant continues to invoke the privilege.*

In response to interrogatories about adultery, defendant has asserted his fifth amendment privilege, based on the possibility of prosecution for the crimes of adultery and seduction.

A party to a civil action has a constitutional right to invoke the privilege against self-incrimination whenever there exists more than

a remote or speculative possibility that criminal prosecution will result from the testimony. *North Am. Mortgage v. Pomponio*, 219 Va. 914 (1979). Although neither the Virginia Supreme Court nor the Court of Appeals appears to have addressed the issue in the context of a divorce proceeding, other jurisdictions have generally upheld the right to invoke the privilege in response to questions about adultery. *See, e.g., Hackes v. Hackes*, 446 A.2d 396 (D.C. App. 1982); *Christenson v. Christenson*, 162 N.W.2d 194 (Minn. 1968); *Stockham v. Stockham*, 168 So. 2d 320 (Fla. 1964); *Payne v. Payne*, 366 A.2d 405 (Md. App. 1976); *Mahne v. Mahne*, 328 A.2d 225 (N.J. 1974); *Molloy v. Molloy*, 176 N.W.2d (Wis. 1970); *and Anonymous v. Anonymous*, 353 So. 2d 510 (Ala. 1977).

In Virginia, adultery is a Class Four misdemeanor punishable by a fine of up to $250. Va. Code §§ 18.2–365 and 18.2–11 (Supp. 1991). The statute of limitations for prosecution of a misdemeanor is one year. Va. Code § 19.2–8. In addition, seduction is a Class Four felony, punishable by "a term of imprisonment of not less than two years nor more that ten years and . . . a fine of not more than $100,000." Va. Code §§ 18.2–68 and 18.2–10(d) (Supp. 1991). The statute of limitations for prosecuting the crime of seduction is two years. Va. Code § 18.2–69.

Recent decisions in this circuit have upheld a party's right to invoke the privilege, at least where the alleged activity took place in Virginia and where the applicable statute of limitations has not run. *See, e.g.*, Judge McWeeny's opinion in *Messiah v. Messiah*, 17 Va. Cir. 365 (1989) (relying on *United States v. Goodman*, 289 F.2d 256 (4th Cir. 1961)). It has also upheld the privilege where the adultery allegedly occurred in a state which has no limitations period. *See* Judge Annunziata's opinion in *Pierce v. Pierce*, 25 Va. Cir. 348 (1991). On the other hand, this court has denied the right and compelled the testimony where the limitations period has run. *See* Judge Annunziata's letter opinion in *Cornelison v. Cornelison*, 22 Va. Cir. 234 (1990).

Determining whether the privilege may be invoked on a case-by-case basis requires that courts engage in extensive pre-trial fact-finding. Having reviewed the facts of this case and having reviewed the many times the privilege has been invoked, it appears that a less cumbersome, but equally effective, procedure is possible. If the defendant continues to invoke the privilege, noncriminal sanctions will be imposed.

In a civil action, a court may impose noncriminal sanctions on a party who chooses to invoke the fifth amendment privilege. *See, generally, Use of the Privilege against Self-Incrimination in Civil Litigation,* 52 Va. L. Rev. 322 (1966).

Although Virginia courts appear not to have addressed the issue in the context of a divorce action, a majority of states which have addressed it allow an adverse inference to be drawn from the failure to respond. *See, e.g., Mahne v. Mahne,* 328 A.2d 225 (N.J. 1974); *Molloy v. Molloy,* 176 N.W.2d (Wis. 1970); *and Anonymous v. Anonymous,* 353 So. 2d 510 (Ala. 1977).

> [S]ince there is no privilege to withhold information because it might be civilly damaging, and since the inference made in a civil case cannot have any ramifications in a later criminal proceeding, the full protection of the constitutional privilege does not require a refusal to draw an inference in a civil case unfavorable to the party asserting the privilege.

*Use of the Privilege against Self-Incrimination in Civil Litigation,* 52 Va. L. Rev. at 340. Opposing counsel has also been allowed to comment on the invocation of the privilege in a civil suit. *See, e.g., Morris v. McClellan,* 45 So. 641 (Ala. 1908).

In addition, courts in other jurisdictions have been quite willing to strike the pleadings of parties who have invoked the privilege in order to obtain relief to which they may not be entitled. *See, e.g., Levine v. Bornstein,* 174 N.Y.S.2d 574 (1958); *Christenson v. Christenson,* 162 N.W.2d 194 (Minn. 1968); *Stockham v. Stockham,* 168 So. 2d 320 (Fla. 1964). Prior to the advent of no-fault divorce, for example, a party had to be free from fault in order to seek a divorce. If, therefore, a plaintiff invoked the privilege in response to questions about adultery, courts were willing to strike the plaintiff's pleadings and dismiss the action.

> One may not invoke the judicial process seeking affirmative relief and at the same time use the privileges granted by that process to avoid development of proof having a bearing upon his rights to such relief.

*Christenson, supra* at 200.

With the advent of no-fault divorce, a plaintiff's adultery is no longer a bar to divorce. In Virginia, however, adultery is still a bar to spousal support, unless the denial of support would constitute a

"manifest injustice." Va. Code § 20–107.1. For the same reasons courts formerly denied plaintiffs who invoked the privilege the right to seek a divorce, this court will deny the defendant his right to seek spousal support if he continues to invoke the privilege. The fifth amendment privilege is to be used as a shield, not as a sword.

In this case, the wife is seeking a divorce on the ground of adultery. In his cross-bill, the husband seeks a divorce on the grounds of adultery and desertion. Under the doctrine of recrimination, if both parties are guilty of adultery, both are barred from using adultery as a ground for divorce. *Surbey v. Surbey*, 5 Va. App. 119 (1987). Under this doctrine, if Mr. Donaldson is guilty of adultery, Mrs. Donaldson may be entitled to spousal support even if she, too, is guilty. Although Mr. Donaldson has a constitutional right to invoke the privilege against self-incrimination, he may not, as a result of doing so, deprive his wife of her right to seek spousal support.

Although the court declines at this time to grant the plaintiff's motion, it will impose the following sanctions if defendant continues to invoke the privilege: an adverse inference may be drawn from the husband's failure to answer questions about adultery; opposing counsel will be allowed to comment on the failure to respond; defendant will be denied his right to seek spousal support and his right to assert recrimination as an affirmative defense; and Count II of defendant's cross-bill will be stricken.

Because neither party has prevailed on all matters, the motion for attorney's fees is denied.