## CIRCUIT COURT OF FAIRFAX COUNTY

Robert J. Murphy

v.

Deborah A. Murphy

February 27, 1995

Case No. (Chancery) 135484

BY JUDGE JANE MARUM ROUSH

This case came before the Court on January 13, 1995, on Plaintiff's Motion for Affirmative Relief. At that time, the Court asked for further briefing by the parties and took the matter under advisement. I have now had the opportunity thoroughly to review the arguments and the briefs submitted by counsel. For the reasons stated below, the Motion for Affirmative Relief is denied.

### Facts

The facts of this case may be briefly summarized. Plaintiff Robert J. Murphy seeks a divorce *a vinculo matrimonii* from defendant Deborah A. Murphy on the grounds of Mrs. Murphy's alleged post-separation adultery.[1] In addition, Mr. Murphy seeks temporary and permanent spousal support and equitable distribution.

In response to the numbered paragraphs of the Bill of Complaint alleging her adultery, Mrs. Murphy states that she "neither admits nor denies [the allegations of adultery] but rather demands strict proof thereof." In response to requests for admissions and interrogatories directed to her

---

[1] The parties were married in September 1982 and separated in August 1993. There were no children born of the marriage. Mr. Murphy adopted Mrs. Murphy's now adult son from her previous marriage.

concerning her alleged adultery, Mrs. Murphy has asserted Fifth Amendment privilege against self incrimination.[2]

Mrs. Murphy filed an Amended Cross-Bill of Complaint seeking a divorce *a vinculo matrimonii* from Mr. Murphy on the grounds of his post-separation adultery, desertion, and a one-year separation. Mrs. Murphy also seeks temporary and permanent spousal support and equitable distribution.

Mr. Murphy has admitted the allegations of the cross-bill concerning his adultery. In her Amended Cross-Bill of Complaint, Mrs. Murphy claims that Mr. Murphy's adultery "gives rise to a complete defense of recrimination and bars [Mr. Murphy] from obtaining any of the relief which he has prayed for." Amended Cross-Bill of Complaint at ¶ 16.

As a result of Mrs. Murphy's refusal to answer questions concerning her alleged adultery, Mr. Murphy seeks affirmative relief under § 8.01-401(B) of the Virginia Code. Mr. Murphy asks that the Court enter an order striking Mrs. Murphy's Answer and Amended Cross-Bill of Complaint, denying Mrs. Murphy any affirmative relief, including spousal support and equitable distribution, denying Mrs. Murphy the right to assert the affirmative defense of recrimination, permitting an adverse inference to be drawn from Mrs. Murphy's failure to answer questions concerning adultery, permitting Mr. Murphy's counsel to comment on Mrs. Murphy's failure to respond to the questions concerning adultery, and awarding Mr. Murphy his attorneys fees in bringing the Motion for Affirmative Relief.

### The "Sword and Shield" Doctrine

Mr. Murphy argues that Mrs. Murphy is precluded from exercising her privilege against self-incrimination as a means of preventing Mr. Murphy from gathering information relevant to the divorce action, under both the "sword and shield" doctrine and Va. Code Ann. § 8.01-401(B).

The Virginia Supreme Court recognized the common law "sword and shield doctrine" in *Davis v. Davis*, 233 Va. 452, 357 S.E.2d 495 (1987). The *Davis* court explained the doctrine as follows:

> this rule recognizes that historically the privilege against self-incrimination was intended solely as a shield. The rule thus provides that a moving party cannot use it as a sword to sabotage any attempt by the other party, either during pretrial discovery or

---

[2] The privilege against self incrimination is protected both by the Fifth Amendment to the United States Constitution, as well as Article I, § 8, of the Virginia Constitution.

at trial, to obtain information relevant to the cause of action alleged, and relevant to possible defenses of the claim.

233 Va. at 456-457.

Mr. Murphy contends that Mrs. Murphy "is clearly frustrating [his] attempts at seeking information that is clearly relevant to the issues raised in the pleadings herein by asserting her Fifth Amendment privilege . . . ." Motion for Affirmative Relief at ¶ 6.

Additionally, Mr. Murphy cites Va. Code Ann. § 8.01-401(B) in support of his arguments. That section, which the *Davis* court notes is "consistent" with the "sword and shield" doctrine, provides:

> If any party, required by another to testify on his behalf, refuses to testify, the court, officer or person before whom the proceeding is pending, may, in addition to punishing said party as for contempt, dismiss the action, or other proceeding of the party so refusing, as to the whole or any part thereof, or may strike out and disregard the plea, answer, or other defense of such party, or any part thereof, as justice may require.

Va. Code Ann. § 8.01-401(B) (Repl. Vol. 1992). In *Davis*, the Court interpreted the statute to apply to a party "who is seeking affirmative relief and who has exercised the [Fifth Amendment] privilege . . . [and] refused to answer questions pertinent to the issues involved." 233 Va. at 457.

> Stated differently, such party asserting the privilege must have frustrated an attempt by the other party to obtain information relevant to the cause of action alleged and to possible defenses of the claim.

*Id.*

Mrs. Murphy responds that her right to invoke her Fifth Amendment privilege against self-incrimination without consequence is protected by Virginia Code § 8.01-223.1.[3] That section provides:

---

[3] Additionally, Mrs. Murphy argues the "sword and shield" doctrine is inapplicable to the proceedings because Mr. Murphy has not shown that her refusal to answer inquiries about adultery has been prejudicial to his case. Both parties agree that there are no marital assets to be divided, only debts to be allocated. Mrs. Murphy stipulates that she will not object to the final decree of divorce in this case containing a reservation of spousal support for Mr. Murphy should his needs change.

> In any civil action the exercise by a party of any constitutional protection shall not be used against him.

Va. Code Ann. § 8.01-223.1 (Repl. Vol. 1992). Section 8.01-223.1 was enacted by the Virginia General Assembly in 1985. It was not cited by the *Davis* court in 1987, in that *Davis* involved an appeal of final orders entered in January 1984, prior to the enactment of § 8.01-223.1. In fact, none of the cases on which Mr. Murphy relies in support of his Motion for Affirmative Relief cites § 8.01-223.1.

When, as in this case, two statutes address the same subject, the rule of statutory construction applies that the "specific statutory provision takes precedence over the general provision." *Natrella v. Board of Zoning Appeals*, 231 Va. 451, 461 (1986). In this context, Code § 8.01-401(B) is the general provision; it addresses refusals to testify for any reason. Code § 8.01-223.1 is the specific provision; it concerns the exercise of constitutionally protected rights. Applying the cited principle of statutory construction, I conclude that § 8.01-401(B) applies only when a party refuses to testify for a reason *other than* the proper "exercise . . . of any constitutional protection." If the refusal to testify is based on the party's exercise of the Fifth Amendment privilege against self-incrimination, and that privilege has not been waived,[4] or is not otherwise inapplicable,[5] then § 8.01-223.1 applies and the refusal to testify cannot be used against the non-testifying party.

In this case, Mrs. Murphy's alleged adultery took place in Virginia and within the past year. Adultery is a Class 4 misdemeanor in Virginia, Va. Code Ann. § 18.2-365, as to which a one year statute of limitation applies. Va. Code Ann. § 19.2-8. Accordingly, Mrs. Murphy has properly invoked her Fifth Amendment privilege against self incrimination. That prosecutions for adultery in Virginia are rare is not dispositive. As the Fourth Circuit noted:

---

[4] In a case factually similar to the case at bar, a waiver of the privilege against self-incrimination was found where the spouse denied the allegations of adultery in his answer and alleged that he had been a "faithful and dutiful" spouse. *Leitner v. Leitner*, 11 Va. Cir. 281 (Fairfax County 1988).

[5] The privilege would be inapplicable, for example, if the statute of limitations for the criminal offense had expired. *Cornelison v. Cornelison*, 22 Va. Cir. 234 (Fairfax County 1990). *See, e.g., Hollowell v. Hollowell*, 6 Va. App. 417, 419 (1988) (wife properly invoked privilege where prosecution for recent non-marital sexual activity not barred by one year statute of limitations).

> [T]he reasonableness of a claims apprehension [of criminal prosecution] should simply be assumed once incriminating potential is found, unless there are genuine questions about the government's legal ability to prosecute. That is to say, once incriminating potential is found to exist, courts should not engage in raw speculation as to whether the government will actually prosecute and should only pursue that inquiry when there are real questions concerning the government's ability to do so because of legal constraints such as statutes of limitation, double jeopardy, or immunity.

*United States v. Sharp*, 920 F.2d 1167, 1171 (4th Cir. 1990) (citations omitted).

For the foregoing reasons, Mr. Murphy's Motion for Affirmative Relief is denied.