## CIRCUIT COURT OF FAIRFAX COUNTY

Victoria C. Edgar

    v.

Thomas P. Edgar

December 10, 1997

Case No. (Chancery) 150527

BY JUDGE DENNIS J. SMITH

    On October 17, 1997, the court heard Mrs. Edgar's Motion to Compel Mrs. Taft, Mr. Edgar's paramour, to answer deposition questions. At her deposition on October 2, 1997, Mrs. Taft asserted the fifth amendment and refused to answer any questions seeking information other than her name and address.

    The fifth amendment's protection against self-incrimination applies to both criminal and civil proceedings. *See Husske v. Commonwealth*, 282 Va. 203, 214 (1996), *citing Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). However, a witness in a civil proceeding, unlike a defendant in a criminal proceeding, cannot assert the fifth amendment as "a blanket privilege." Instead, a witness must assert the privilege as to each question which calls for an incriminating resonse. *See United States v. Shuck*, 895 F.2d 962 (4th Cir. 1990). The fifth amendment not only applies to evidence which would directly support a criminal conviction, but also to information which would furnish a link in a chain of evidence that could lead to prosecution. *See United States v. Sharp*, 920 F.2d 1167 (4th Cir. 1990). Adultery is a Class 4 misdemeanor in Virginia, Va. Code § 18.2-365, as to which a one-year statute of limitations applies. Va. Code § 19.2-8.

On October 17, 1997, the court ruled that Mrs. Taft had a right to assert the fifth amendment and refuse to answer questions regarding her past sexual relationship with Mr. Edgar, the defendant. The court held that her fifth amendment right covers not only questions concerning Mrs. Taft's sexual relationship with Mr. Edgar within the past year, but also questions concerning any sexual relationship that may have existed more than one year ago. The court found that adulterous activity that occurred more than one year ago could be used as evidence of adultery occurring within the one-year statute of limitations period and therefore may furnish a link in a chain of evidence that could lead to prosecution.

The court further found that a witness in a civil case cannot make a blanket assertion of her right against self-incrimination but instead must listen to each question, then assert a claim that her fifth amendment right against self-incrimination allows her to refuse to answer. Accordingly, while the court has ruled that Mrs. Taft may assert the privilege to individual questions that may lead to prosecution, it did not rule that she had the right to assert any "blanket privilege" as to all questions which might be asked of her.

For these reasons, Complainant's Motion for Reconsideration is denied.