## CIRCUIT COURT OF FAIRFAX COUNTY

Bernarda Francesca Domestici

v.

Sergio Domestici

April 15, 2003

Case No. (Chancery) 176169

BY JUDGE KATHLEEN H. MACKAY

On January 24, 2003, I entered an order denying Complainant's Motion to Compel. On February 14, 2003, Judge Roush entered a suspending order, in my absence, so that I could consider Ms. Hoffman's Motion to Reconsider.

I have reviewed again the cases cited by the Complainant in her initial brief and in her Motion to Reconsider as well as the cases cited by the Defendant in his brief. I have read the transcript recording Judge Stitt's decision of January 10, 2003, on the same issue, that is, may a third party invoke the Fifth Amendment when asked questions as to adultery alleged between the deponent and a party in a divorce action. Ms. Hoffman was conducting a deposition with the Defendant's alleged paramour.

With regards to questions about the sex act itself, the cases cited by counsel divide as to whether a court believes that the threat of prosecution for adultery is a "possibility" or is inherently "imaginary and speculative." See *Belmonte v. Lawson*, 750 F. Supp. 735, 739 (E.D. Va. 1990), for the first proposition and *Doe v. Duling*, 782 F.2d 1202, 1206 (4th Cir. 1986), for the latter.

The various circuit court opinions discussed by counsel tend to allow a party to invoke the Fifth Amendment, albeit with reference to the one-year statute of limitation. See *Messiah v. Messiah*, 17 Va. Cir. 365 (1989); *Pierce*

*v. Pierce*, 25 Va. Cir. 348 (1991). It should be noted that some of Ms. Hoffman's questions related to activities within the last year.

If one takes a conservative approach and allows a third party to assert the privilege, one is cautioned that the range of questions as to which the privilege may be invoked is broad, that is, one does not have to supply information that "would furnish a link in a chain of evidence that could lead to prosecution." *United States v. Sharp*, 920 F.2d 1167 (4th Cir. 1990). See also *Hoffman v. United States*, 341 U.S. 479, 486, 95 L. Ed. 1118, 71 S. Ct. 814 (1951); *Edgar v. Edgar*, 44 Va. Cir. 191 (1997).

I have not changed my decision in this case as regards questions asking about the intimate nature of the relationship between the deponent and the Defendant. Most of Ms. Hoffman's questions had as their subject exactly this relationship.

What I am concerned about is a party's ability to prove not sexual conduct but waste. It seems to me that questions as to financial matters do not constitute a "link in a chain." For instance, it would not matter if adultery was a fact as long as one could prove the expenditure of funds for a purpose unrelated to the marriage. It seems to me that Ms. Hoffman could ask a question, for instance, about a Prada bag but not a question as to payment for hotel accommodations as the latter is much more easily connected to possible adultery. It seems to me making this distinction conforms to the principle that there is no "blanket Fifth Amendment right to refuse to answer questions in non-criminal proceedings." *Capitol Products Corp. v. Hernon*, 457 F.2d 541 (8th Cir. 1972), quoted in *North Am. Mortgage Investors v. Pomponio*, 219 Va. 914, 918, 252 S.E.2d 345 (1979).

Typically, on a Motion to Reconsider, the party responding would have an opportunity to reply to the Motion. To that extent, if Mr. West would like to reply to the concerns I have set out above, he may do so.