FRED W. MAUNEY v. JAMES H. MORRIS and wife, DOROTHY W. MORRIS, MORRIS RENTALS, INC., a North Carolina Corporation, and MORRIS CASEWORKS, INC., a North Carolina Corporation

No. 231PA85

(Filed 18 February 1986)

1. **Laborers' and Materialmen's Liens § 3.2; Rules of Civil Procedure § 15— motion to amend to allege lien—timeliness of motion**

The effective date of plaintiff's action to enforce a laborer's or materialman's lien was 8 December 1983, the date he filed his motion to amend his complaint to allege such an action, rather than 11 January 1984, the date the trial court ruled on his motion to amend; therefore, plaintiff's amendment was not barred by the statute of limitations where the last day he furnished material or labor to defendants' property was 15 June 1983, and he filed his motion to amend on 8 December 1983, within the 180-day limit of N.C.G.S. 44A-13.

2. **Laborers' and Materialmen's Liens § 3.2; Rules of Civil Procedure § 15— motion to amend to allege lien—denial improper**

The trial court erred in denying plaintiff's motion to amend his complaint to enforce a laborer's or materialman's lien, since the motion was filed within the statutorily prescribed period of limitations; plaintiff could instead have filed a new complaint initiating a separate action; allowing plaintiff's motion to amend would not have prejudiced defendants; and it would have promoted judicial economy to allow the motion.

ON discretionary review of a decision of the Court of Appeals, 73 N.C. App. 589, 327 S.E. 2d 248 (1985), affirming an order denying plaintiff's motion to amend his complaint pursuant to Rule 15 of the North Carolina Rules of Civil Procedure entered by *Grist, J.*, at the 10 January 1984 Civil Session of Superior Court, MECKLENBURG County. Heard in the Supreme Court 19 December 1985.

*DeLaney, Millette & McKnight, P.A., by Steven A. Hockfield, for plaintiff-appellant.*

*No counsel contra.*

FRYE, Justice.

The primary question before this Court is whether the trial judge erred in denying plaintiff's motion to amend his complaint to add a cause of action to enforce a materialman's or laborer's lien where the motion was filed within the statutory period al-

lowed for bringing an action to enforce such a lien. For the reasons outlined below, we find that plaintiff's motion should have been granted.

Plaintiff began an action against the individual defendants James and Dorothy Morris and corporate defendant Morris Rentals on 18 July 1983 by filing a summons and a notice of lis pendens to have an equitable lien placed upon defendants' property. He also moved to extend time to file his complaint. This motion was granted, and plaintiff filed an unverified complaint and moved to include corporate defendant Morris Caseworks, Inc., on 8 August 1983.

Plaintiff's original complaint alleged that he had performed demolition and construction work and other services for defendants, including work on a nightclub ("The Club") that defendants were trying to start. Included in the services plaintiff rendered defendants were the following:

23. From [late September or early October, 1982], the plaintiff devoted all of his time, energies and services to the improvement of the real property, the building and operation of The Club and his work for defendant Casework [sic] and defendant James Morris as general contractor.

24. The time which the plaintiff devoted to the defendants for the work described in paragraph 23 above was in excess of four thousand (4,000) hours from late September 1982 through late June or early July 1983. Plaintiff devoted seven (7) days per week on an average basis of at least fifteen (15) hours per day to the enterprises of the defendants.

. . . .

26. The plaintiff devoted his hours as described above in the following manner: at least 200 hours to the providing services for defendant James H. Morris as general contractor, at least 700 hours to making actual physical improvements on the real property, at least 1,720 hours to working in The Club and overseeing its operation, at least 600 hours working for defendant Casework [sic] and at least 780 hours operating as a vice president of defendant Rentals and promoting and setting up the concept for The Club.

. . . .

28. In addition to the contribution of his time, services and all of his energies to the enterprise of the defendants, the plaintiff contributed the following to the defendants for the improvement of the real property and for the paying off of the mortgage on the real property:

a. Eight thousand (8,000) old brick having a fair market value of One Thousand Four Hundred Dollars ($1,400.00);

b. Seventeen (17) table stands having a fair market value of Three Hundred Forty Dollars ($340.00);

c. A sound system having a fair market value of Eight Thousand Dollars ($8,000 [sic]);

d. Old antique wood for the entrance to The Club having a fair market value of One Thousand Dollars ($1,000.00);

e. Maple wood for the dance floor for The Club having a fair market value of Five Hundred Dollars ($500.00); and

f. Two Thousand Dollars ($2,000.00) in cash which the plaintiff had received for payment of a debt owed to him.

Plaintiff also alleged that he contributed two 1953 Chevrolet dump trucks, a forty-foot box trailer, a 1952 Chevrolet flatbed truck and a 1974 Chevrolet pickup truck having a combined value of $6,700, and the use of his tools. Then, according to plaintiff, in July 1983, defendants wrongfully barred him from The Club and kept the trucks, the trailer, and plaintiff's tools.

As reimbursement for these efforts, plaintiff alleged that defendants orally promised to pay him by taking him into a partnership and conferring various other benefits upon him. Because defendants had failed to perform according to this agreement, plaintiff therefore sought damages and an equitable lien on the real property on a theory of unjust enrichment, specific performance of the oral contract, and an accounting of defendants' various enterprises.

Defendants answered on 8 September 1983 and moved to strike the notice of lis pendens on the grounds that the action was one to secure a personal judgment for the payment of money and plaintiff was therefore not entitled to file a notice of lis

pendens. Defendants' motion was granted on 3 October 1983. On 8 October, plaintiff filed a Claim of Lien in the amount of $27,950, giving 20 September 1982 as the first date and 15 June 1983 as the last date goods and services were furnished to defendants' property. On 8 December 1983, plaintiff filed a motion to amend his complaint, along with the proposed amendment. In the amendment, plaintiff stated a claim against defendants for materials and labor furnished by him for improvements to defendants' real property and sought to enforce the Claim of Lien. Defendants opposed this motion. The trial judge denied plaintiff's motion to amend on 11 January 1984. From this denial, plaintiff appealed to the Court of Appeals.

In its opinion, the Court of Appeals decided first that the order denying plaintiff's motion to amend, although interlocutory, was appealable because a substantial right was involved. *Mauney v. Morris*, 73 N.C. App. at 591, 327 S.E. 2d at 250. While this decision certainly appears to be correct, we do not consider it here because defendants have failed to file a brief or to argue this or any other issue before this Court. The issue is therefore deemed abandoned. N.C.R. App. P. 28.

The question remaining for this Court's consideration is the one decided against the plaintiff in the court below, whether the trial court erred in denying his motion to amend. Rule 15(a) of the North Carolina Rules of Civil Procedure reads in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

N.C.R. Civ. P. 15(a) (1983).

Correctly noting that plaintiff had no automatic right to amend his complaint at the time he filed his motion, the Court of Appeals held that the trial judge did not abuse his discretion by denying the motion because to do so would have had the effect of extending the statute of limitations governing materialmen's and

laborers' liens. In reaching this holding, the court below first decided that the amendment to the complaint stated a new cause of action. Therefore, despite the fact that the trial judge had found, and the Court of Appeals agreed, that this cause of action arose out of the same transactions and occurrences as those stated in the original complaint, the Court of Appeals concluded that the new cause of action could not relate back to the original filing date. We note, however, that under the Rules of Civil Procedure, whether an amendment will relate back does not depend upon whether it states a new cause of action but upon whether the original pleading gave defendants sufficient notice of the proposed new claim. *See Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326 (1984); *Burcl v. Hospital*, 306 N.C. 214, 293 S.E. 2d 85 (1982).

More importantly, the Court of Appeals reasoned that plaintiff's amendment would need to relate back to the original complaint because it would otherwise be barred by N.C.G.S. § 44A-13. That statute reads in pertinent part:

> An action to enforce the lien created by this Article may be instituted in any county in which the lien is filed. No such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien.

N.C.G.S. § 44A-13(a) (1985). The statute thus imposes a 180-day limitation for plaintiff to bring his action. The Court of Appeals considered the effective date of plaintiff's action to be the date the trial judge ruled on his motion in this case, 11 January 1984. Because 11 January 1984 is beyond the 180-day limit required by the statute, the Court of Appeals concluded that the new claim was barred unless it related back to the original complaint. *Mauney v. Morris*, 73 N.C. App. at 593-94, 327 S.E. 2d at 251-52.

[1] We disagree with the reasoning of the Court of Appeals described above. Plaintiff filed his ·motion to amend with his amended complaint on 8 December 1983. The last day he furnished material or labor to defendants' property was 15 June 1983. His motion was thus filed within the 180-day period set forth in N.C.G.S. § 44A-13(a). The date of the filing of the motion, rather than the date the court rules on it, is the crucial date in measuring the period of limitations. The timely filing of the motion to amend, if later allowed, is sufficient to start the action

within the period of limitations. Plaintiff's amendment was therefore not barred by the statute of limitations, and whether it would "relate back" to the filing of the original complaint was immaterial.

[2] Returning to the question at hand, once the opposing party has filed a responsive pleading, a party can only amend a pleading with the consent of the trial judge. N.C.R. Civ. P. 15(a) (1983). A judge's decision in this matter will not be reversed on appeal absent a showing of abuse of discretion. *Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326. However, amendments should be freely allowed unless some material prejudice to the other party is demonstrated. *Mangum v. Surles*, 281 N.C. 91, 187 S.E. 2d 697 (1972). The burden is upon the opposing party to establish that that party would be prejudiced by the amendment. *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972). *See also Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977).

Here, defendants have failed to establish that allowing plaintiff to amend his complaint would have prejudiced them in any way. Plaintiff filed his motion to amend within the statutorily prescribed period of limitations. He could instead have filed a new complaint initiating a separate action. Defendants argued before the Court of Appeals that plaintiff should have followed the latter procedure. Defendants, however, are not prejudiced by plaintiff's choice, because plaintiff's motion to amend was filed within the time plaintiff could still have filed a complaint. Allowing plaintiff's motion would thus not have prejudiced defendants. Moreover, it would have promoted judicial economy by avoiding the necessity for separate trials or for plaintiff to file first a separate complaint and then a motion to join the two actions. Plaintiff's motion should therefore have been allowed.[1]

---

1. We note that it might be argued that plaintiff's amendment should be more properly denominated a supplemental pleading rather than an amendment because plaintiff had not filed his Claim of Lien when he filed his original complaint. Supplemental pleadings are distinguished from amendments because they deal with acts occurring after the filing of the complaint. *Williams v. Rutherford Freight Lines*, 10 N.C. App. 384, 179 S.E. 2d 319 (1971). However, "it is the essence of the Rules of Civil Procedure that decisions be had on the merits and not avoided on the basis of mere technicalities." *Mangum v. Surles*, 281 N.C. at 99, 187 S.E. 2d at 702. *See* N.C.R. Civ. P. 15(d) (1983); *see also Burcl v. Hospital*, 306 N.C. 214, 293 S.E. 2d 85.

For the reasons given above, the decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the Superior Court, Mecklenburg County, for further proceedings not inconsistent with this opinion.

Reversed and remanded.