LAWYERS TITLE INSURANCE CORPORATION, JOE H. LEONARD AND WIFE, REBECCA LEONARD, JOSEPH R. SALEM AND WIFE, AMELIA N. SALEM, EDWARD B. CASSADA AND WIFE, RAMONA S. CASSADA, GEORGE THOMAS LOVELACE, JR. AND WIFE, BETTY JO TURNER, THOMAS RILEY McNEILL AND WIFE, MARY ANN McNEILL v. BEN I. LANGDON, RALPH L. THOMAS, JR., SHERIFF OF CARTERET COUNTY, NORTH CAROLINA, B.W.T. ENTERPRISES, INC., AND BARBOUR CONSTRUCTION COMPANY

No. 883SC38

(Filed 20 September 1988)

**1. Rules of Civil Procedure § 60— plaintiffs not parties to original suit—action for relief from judgment unavailable**

Plaintiff owners of condominium units who were adversely affected by a judgment lien in defendant's favor could not bring an action under N.C.G.S. § 1A-1, Rule 60(b) for relief from the judgment, since they were never made parties to the original suit; rather, the only avenue open to them was to file an independent action directly attacking the judgment as it affected their interest.

**2. Rules of Civil Procedure § 15— action against corporate defendants for monetary judgment—amendment of complaint to enforce lien against individuals improper**

Defendant could not seek a monetary judgment against two corporate defendants in his original complaint, then amend the complaint to include an action to enforce a lien against individuals, non-parties to the original complaint, whose property interest had never been a subject of the suit. N.C.G.S. § 1A-1, Rule 15(c).

APPEAL by defendant from *Phillips, Herbert O., III, Judge.* Order entered 11 September 1987 in Superior Court, CARTERET County. Heard in the Court of Appeals 5 May 1988.

*Stanley & Simpson, by John P. Simpson, for plaintiffs-appellees.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C. R. Wheatly, III, for defendant-appellant.*

JOHNSON, Judge.

Plaintiffs, Lawyers Title Insurance Corporation, the title insurer of the real property which is the subject of this dispute, and several individual owners of condominium units, instituted this civil action to prevent a judicial sale of their condominium units to satisfy a lien upon the property. The lien was attached pur-

suant to a judgment obtained by one of the defendants in the instant case, Benjamin I. Langdon, a contractor who constructed the units in question. The pertinent underlying facts appear as follows.

Benjamin I. Langdon entered into a contract with B.W.T. Enterprises, Inc. and Barbour Construction Company to perform certain services for the construction of condominium units on the property owned by B.W.T. Enterprises, Inc. and Barbour Construction Company, located in Carteret County, North Carolina. A dispute arose over the payment of funds which Langdon contended were owed to him. Langdon then filed notice of a claim of lien against all condominium units and properties known as the Queen's Court Condominium Project at Emerald Isle. This is the same property which the plaintiffs in this action now own individually. The claim of lien was filed on 2 October 1985, within 120 days of the last date of the furnishing of labor and materials.

On 21 October 1985, Langdon filed a complaint (85CVS819) against B.W.T. Enterprises, Inc. and Barbour Construction Company, who are the same parties set forth in the claim of lien. The complaint also refers to the Queen's Court Condominium Project at Emerald Isle and alleges that the conflict arose over the construction of the condominium units. The amount of damages prayed for is the same amount which is stated in the claim of lien.

On 18 November 1986, the case came on for trial. At trial no one appeared on behalf of the defendants. The trial court inquired as to whether notice had been given to defendants and proceeded after having become satisfied that defendants had been given notice. Langdon then made a motion to amend the complaint to include a claim of lien, and asked the court to allow the amendment in order to enforce the claim of lien filed 2 October 1985. The trial court granted his motion. On the same date, the judgment was entered in favor of Langdon.

No appeal was taken from the judgment nor was any action brought pursuant to G.S. sec. 1A-1, Rule 60(b) for relief from the judgment. After the judgment was filed, Langdon directed the sheriff of Carteret County to begin sale proceedings to have a judicial sale pursuant to the execution issued by Langdon to satisfy his judgment. The sale for one of the condominium units which would have been subject to the lien was set for 29 May 1987.

On 11 May 1987, plaintiffs filed the complaint in this case alleging, *inter alia*, that defendants, Langdon, B.W.T. Enterprises, Inc., and Barbour Construction Company knew, or should have known, that the condominium units had been sold to the individual plaintiffs long before the trial of their suit on 18 November 1986. They further alleged that the plaintiffs had substantial rights and interests in the condominium units and should have been made parties to the original suit prior to trial, if the parties to the original suit intended to litigate the enforcement of the claim of lien. Plaintiffs sought: (1) to have the prior judgment entered on 18 November 1986 in Langdon's favor, declared void *ab initio*; (2) to have the claim of lien declared void and of no force or effect; and (3) to restrain Langdon from proceeding with the execution upon the plaintiffs' properties pursuant to the 18 November 1986 judgment. The plaintiffs also demanded relief from Langdon in an amount in excess of $10,000.00.

On that same date, plaintiffs also filed a motion for a temporary restraining order to enjoin "[d]efendants and all those in active concert or participation with them from proceeding further with judicial execution" or sale of the disputed property. Plaintiffs' motion for a temporary restraining order was allowed on 26 May 1987, enjoining defendants from proceeding further in executing upon the judgment pending adjudication of the action upon the merits.

On 11 September 1987, plaintiffs filed a motion for summary judgment which was granted, except as to the issue of damages. The court declared the claim of lien void and of no force or effect. The judgment entered on 18 November 1986 was also declared void and of no force or effect but only as it relates to the enforcement of the lien on plaintiffs' condominium property pursuant to G.S. sec. 44A-13. The remaining terms and conditions were declared to remain in full force and effect.

From this judgment defendant Langdon gave notice of appeal.

[1]   Defendant assigns as error the trial court's decision to allow plaintiffs' motion for partial summary judgment, and declaring the claim of lien void and the judgment entered on 18 November 1986 void and of no force or effect as it relates to the enforcement of the lien.

G.S. sec. 1A-1, Rule 56(c) provides in part that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Defendant contends that the partial summary judgment should have been denied since there was a genuine issue, maintained by substantial evidence, as to a material fact. He argues that the genuine issue is whether the plaintiffs should have brought their action pursuant to G.S. sec. 1A-1, Rule 60(b) for relief from the judgment, instead of filing an independent action to attack the judgment.

G.S. sec. 1A-1, Rule 60(b) allows relief from a final judgment or order to a party or his legal representative, upon motion, where the party demonstrates a flaw in the judgment based upon mistake, inadvertence, excusable neglect or other enumerated conditions. The plaintiffs in the case *sub judice* were never made parties to the original Langdon suit against B.W.T. Enterprises, Inc. and Barbour Construction Company; therefore, plaintiffs were excluded from using G.S. sec. 1A-1, Rule 60(b) in order to attack the judgment, since G.S. sec. 1A-1, Rule 60(b) does not apply to non-parties or strangers to the action giving rise to the judgment or order. *Browne v. Catawba County Dept. of Social Services*, 22 N.C. App. 476, 206 S.E. 2d 792 (1974). The only option or method of defense available to plaintiffs, was to file an independent action to directly attack the judgment as it affected their interests. The judgment had to appear void on its face for a direct attack to be proper. *Ridge Community Investors, Inc. v. Berry*, 293 N.C. 688, 239 S.E. 2d 566 (1977). If the judgment does not appear void upon its face, then the plaintiff must allege facts which, if corroborated by competent evidence, would render an apparently valid judgment a nullity. *Id.*

[2] The defendant, Langdon (plaintiff in the original action), sought to amend his original complaint, in which he sought monetary damages only from B.W.T. Enterprises, Inc. and Barbour Construction, to include an entirely new cause of action for the enforcement of a lien pursuant to G.S. sec. 44A-13(a). His motion to amend the complaint was allowed, however, notice was not

given to plaintiffs concerning the enforcement of said lien until after the judgment was entered. At this time, the plaintiffs, who were non-parties to the original suit, suddenly found their rights adversely affected without having had an opportunity to present their objections and defenses.

> The power of the court to continue to entertain inde-
> pendent actions as before is also important in preserving the
> relief afforded to those who are strangers to an action since
> 60(b) limits relief to the parties. If a stranger is able to show
> prejudice to some pre-existing right belonging to him, then
> he may attack a judgment by independent action.

Shuford, North Carolina Civil Practice and Procedure sec. 60-17 (2d ed. 1981).

Defendant argues that his complaint contained all the essential elements to establish a G.S. sec. 44A-13 claim and was sufficient to give notice to the plaintiffs despite no mention of a lien or its enforcement in his original complaint. He further argues that there was no prejudice shown and that the amended pleading concerning the enforcement of the lien is not void since the lien was filed and recorded at the Carteret County Register of Deeds, thereby putting all parties on notice, at least constructive notice, that the lien was claimed by him. The trial court found that Langdon's original claim was for a personal monetary judgment based on a breach of contract and "contain[ed] no causes of action pertaining to the enforcement of the aforesaid liens, [made] no mention of said lien, and [did] not purport to be an action filed pursuant to G.S. sec. 44A-13 in order to enforce a lien."

Defendant also contends that the amendment would relate back to the original complaint pursuant to G.S. sec. 1A-1, Rule 15(c) because the motion to amend was filed within the statutory period allowed for bringing an action to enforce a lien and that the amendment "merely amplifies the old cause of action." *Estrada v. Jaques*, 70 N.C. App. 627, 321 S.E. 2d 240 (1984).

G.S. sec. 1A-1, Rule 15(c) provides that:

[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original proceeding was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transac-

tions or occurrences, to be proved pursuant to the amended pleading.

Amending a claim for a monetary award, to include a G.S. sec. 44A-13 claim to enforce a lien against non-parties without allowing any type of notice, does not fall within the reasonable interpretation of G.S. sec. 1A-1, Rule 15(c). Whether an amended complaint will relate back to the original complaint depends upon whether the original pleading gives defendants sufficient notice of the proposed amended claim. *Mauney v. Morris*, 316 N.C. 67, 340 S.E. 2d 397 (1986). To allow defendant to amend his complaint without giving notice would violate due process and prejudice plaintiffs' rights.

The defendant, Langdon, cannot seek a monetary judgment against two corporate defendants in his original complaint, then amend the complaint to include an action to enforce a lien against individuals, non-parties to the original complaint, whose property interests had never been a subject of the suit. G.S. sec. 1A-1, Rule 15(c) does not allow a plaintiff to abandon one cause and its relief against one set of defendants, and amend that complaint to create a new relief against a group of non-party strangers and their interests. *See Estrada, supra.*

Based upon the evidence presented, the trial court did not err in granting plaintiffs partial summary judgment. In light of our holding, it is not necessary to address the issue of whether defendant's amendment was filed within the statutory limitation period, since the individual plaintiffs never received notice of the amended complaint.

Judgment is therefore

Affirmed.

Judges PHILLIPS and SMITH concur.