**STEWART ENTERPRISES v. MRM CONSTRUCTION CO.**

[116 N.C. App. 604 (1994)]

STEWART ENTERPRISES, A SOLE PROPRIETORSHIP, PLAINTIFF v. MRM CONSTRUCTION COMPANY, INC., CHARLES F. LaFRATTA AND WIFE, SHARON B. LaFRATTA, BRUCE W. WEIR AND WIFE, SANDRA H. WEIR, THE PRUDENTIAL HOME MORTGAGE COMPANY, INC. AND LIBERTY SAVINGS BANK, FSB, DEFENDANTS AND THIRD-PARTY PLAINTIFFS, v. MICHAEL R. MULHALL, THIRD-PARTY DEFENDANT

No. 9326SC1151

(Filed 18 October 1994)

### Liens § 29 (NCI4th); Pleadings § 378 (NCI4th)— laborers' and materialmen's liens—amendment of complaint adding additional parties—no relation back—enforcement barred by limitations

Plaintiff subcontractor's March 1993 amendment of his complaint to enforce laborers' and materialmen's liens against additional defendants (purchasers and lenders) did not relate back to plaintiff's original action against defendant contractor for money owed and materials and supplies filed in December 1992 where the amendment was not filed within 180 days of the last furnishing of materials and labor as N.C.G.S. § 44A-13(a) requires for an action to enforce the liens, and there was no evidence that the additional defendants received notice or should have known of the action against them within the limitation period.

**Am Jur 2d, Mechanics' Liens §§ 339 et seq.; Pleading §§ 337, 338.**

**Sufficiency of notice or knowledge required under Rule 15(c)(1)(2) of Federal Rules of Civil Procedure dealing with relation back of amendments changing parties against whom claim is asserted. 11 ALR Fed 269.**

**Rule 15(c), Federal Rules of Civil Procedure, or state law as governing relation back of amended pleading. 100 ALR Fed 880.**

Appeal by plaintiff from judgment filed 15 July 1993 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 August 1994.

*R. Keith Johnson, P.A., by M. Olene Sampson, for plaintiff-appellant.*

*Boxley, Bolton & Garber, by Ronald H. Garber, for defendants-appellees Charles F. LaFratta and Sharron B. LaFratta, Bruce W. Weir and Sandra H. Weir, The Prudential Home Mortgage Company, Inc., and Liberty Savings Bank, FSB.*

LEWIS, Judge.

On 15 December 1992 plaintiff Stewart Enterprises (hereinafter "plaintiff") filed a complaint against defendant MRM Construction Company (hereinafter "MRM") requesting money owed for labor and materials supplied pursuant to contracts between plaintiff and MRM. On 1 March 1993 plaintiff filed an amended complaint adding the following defendants (hereinafter collectively referred to as "the Claim of Lien defendants"): Charles F. and Sharron B. LaFratta (hereinafter "the LaFrattas"), Bruce W. and Sandra H. Weir (hereinafter "the Weirs"), The Prudential Home Mortgage Company (hereinafter "Prudential"), and Liberty Savings Bank, FSB (hereinafter "Liberty"). These defendants added third-party defendant Michael R. Mulhall, the president of MRM (hereinafter "Mulhall"). On 15 July 1993 the trial court granted summary judgment for the Claim of Lien defendants, and plaintiff now appeals.

In April 1992 MRM, as general contractor for the improvement of several lots in Davidson, North Carolina, requested that plaintiff provide materials and labor for the improvement of the two lots relevant to this lawsuit, Lot 14 and Lot 15. From 27 April 1992 to 23 June 1992, plaintiff furnished materials and labor to Lot 14, and from 6 May 1992 to 24 June 1992 plaintiff supplied materials and labor to Lot 15. MRM sold Lot 14 to the Weirs on 16 July 1992, and Lot 15 to the LaFrattas on 29 June 1992. The Weirs executed a deed of trust in favor of Liberty, and the LaFrattas executed a deed of trust in favor of Prudential. Plaintiff alleges that, at the time of the conveyances to the Weirs and the LaFrattas, MRM still owed plaintiff money.

Plaintiff filed claims of lien against both properties on 2 October 1992. The claims were served on MRM, the Weirs and the LaFrattas on 5 October 1992. When plaintiff filed suit in December 1992, however, he only asserted claims against MRM for money owed for materials and supplies. Plaintiff did not assert any claims based on the liens and did not include the Claim of Lien defendants as parties to the lawsuit. In March 1993, plaintiff amended the complaint to add the Claim of Lien defendants and to add a claim for enforcement of any judgment awarded through sale of the properties to the extent of the claims of lien.

The trial court awarded summary judgment to the Claim of Lien defendants because plaintiff failed to file an action against them within the time period set forth in N.C.G.S. § 44A-13(a) (1989). On appeal, plaintiff contends the court erred because (1) his amended complaint

relates back to the date of the original complaint, and (2) genuine issues of material fact remain and require resolution by the trier of fact.

It is undisputed that plaintiff properly filed and perfected claims of lien against the Weirs' and LaFrattas' properties within the 120-day statutory period set forth in N.C.G.S. § 44A-12(b) (1989). However, section 44A-13(a) provides that actions to *enforce* such liens must be commenced within 180 days of the last furnishing of labor or materials. § 44A-13(a). Plaintiff last furnished materials on 23 and 24 June 1992, but did not institute an action to enforce the liens against the proper defendants until March 1993, well beyond the statutory period. Although the original complaint was filed within the statutory period, that complaint did not include a claim to enforce the liens and did not include the necessary defendants. The issue before us, therefore, is whether the allegations in the March 1993 complaint relate back to the date of the original complaint.

According to Rule 15 of the North Carolina Rules of Civil Procedure, a claim in an amended pleading may relate back to the date of the original pleading as long as the original pleading gave notice of the transactions or occurrences to be proved under the amended pleading. N.C.G.S. § 1A-1, Rule 15(c) (1990). This Court has discussed whether, under Rule 15(c), a new party defendant may be added after the statute of limitation period has run. In *Ring Drug Co. v. Carolina Medicorp Enterprises*, 96 N.C. App. 277, 385 S.E.2d 801 (1989), this Court held that the assertion of a claim in an amended complaint adding a new defendant may relate back to the date of the original complaint if the added defendant had notice of the original claim and would not be prejudiced by the untimely amendment. *Id.* at 283, 385 S.E.2d at 806. The Court stated that if there was "some nexus" between the original and new defendant which would permit an inference that the new defendant had notice, the amendment should be allowed under Rule 15(c). *Id.* However, the Court also stated that the statute of limitation should bar an action if the plaintiff's failure to name the proper defendant originally is "solely attributable" to the plaintiff. *Id.*

The *Ring Drug* Court adopted a four-part test for determining when a party defendant may be added after the limitation period has run. The factors to be considered are: (1) whether the basic claim arises out of the conduct set forth in the original pleading; (2) whether the party to be added receives such notice that it will not be

STEWART ENTERPRISES v. MRM CONSTRUCTION CO.

[116 N.C. App. 604 (1994)]

prejudiced in maintaining its defense; (3) whether the party knows or should have known that, but for a mistake in identity, the action would have been brought against it; and (4) whether the second and third requirements were fulfilled within the limitation period. *Id. See also Medford v. Haywood County Hosp. Found.*, 115 N.C. App. 474, 444 S.E.2d 699 (1994); *Crossman v. Moore*, 115 N.C. App. 372, 444 S.E.2d 630 (1994).

Plaintiff contends his amended complaint should relate back, because the original and amended complaints contain the same allegations regarding the work performed, the claims of lien filed, and the amounts owed. Plaintiff also contends that the Weirs and LaFrattas had notice that a claim existed within the 180-day time period, because they were served with the Notice of Claim of Lien and the Claim of Lien on 5 October 1992. Plaintiff contends that there are genuine issues of material fact regarding the existence of the *Ring Drug* factors.

We agree with the trial court that plaintiff's amended complaint does not relate back to the date of the original complaint, and we therefore affirm summary judgment in favor of the Claim of Lien defendants. We find that plaintiff has failed to establish the second, third and fourth elements set forth in *Ring Drug*: that the added parties received notice or should have known of the action against them within the limitation period. In reaching this conclusion we have examined two cases addressing the issue of whether an amendment adding a new party and a claim to enforce a lien under section 44A-13(a) may relate back to the date of the original complaint: *Mauney v. Morris*, 316 N.C. 67, 340 S.E.2d 397 (1986), and *Lawyers Title Insurance Corp. v. Langdon*, 91 N.C. App. 382, 371 S.E.2d 727 (1988), *cert. denied*, 324 N.C. 335, 378 S.E.2d 793 (1989).

In *Mauney*, the plaintiff attempted to amend the complaint to add a claim for the enforcement of a claim of lien. The motion to amend was filed within the 180-day limitation period. The Court allowed the amendment, noting that the defendants had failed to establish prejudice since the plaintiff filed the amended claim within the time limitation. 316 N.C. at 72, 340 S.E.2d at 400. The Court stated that whether an amendment will relate back generally depends upon whether the original claim gave sufficient notice of the new claim. *Id.* at 71, 340 S.E.2d at 400.

In *Langdon*, the defendant subcontractor, Langdon, had previously sued the builders for damages, and, as in our case, had failed to

include the present owners of the property as parties to the lawsuit. Langdon had filed a claim of lien against the property within the 120-day period. At trial, Langdon moved to amend his complaint to add a claim to enforce the claim of lien but apparently did not seek to add the owners of the property as parties to the lawsuit. The trial resulted in a judgment for Langdon. 91 N.C. App. at 383, 371 S.E.2d at 729. The owners of the property then instituted another action to prevent the sale of the property on the basis that they should have been made parties to the original lawsuit. The court granted summary judgment for the plaintiffs and declared the claim of lien void. *Id.* at 384, 371 S.E.2d at 729.

On appeal, this Court noted that by his amendment Langdon sought to add "an entirely new cause of action for the enforcement of a lien pursuant to [section] 44A-13(a)"; the original claim was based on breach of contract and did not mention the lien or section 44A-13. *Id.* at 385, 371 S.E.2d at 730. Although Langdon's motion to amend his complaint was allowed, no notice was given to the owners concerning enforcement of the lien until after the judgment was entered. This Court rejected Langdon's argument that the owners were not prejudiced since the claim of lien was properly filed and recorded and thereby served as notice to all parties. The amended complaint did not relate back, although the amendment was filed within the 180-day time period, because it did not give notice to the property owners of the enforcement of the lien. *Id.* at 387, 371 S.E.2d at 731.

The *Mauney* decision hinged on the fact that the motion to amend was made within the statutory period and therefore could not have prejudiced the added parties for lack of timely notice. In the case at hand, however, the motion to amend was made after the statutory period had expired. As in *Langdon*, in the original complaint plaintiff only asserted claims based on breach of contract and did not mention enforcement of liens or section 44A-13. Plaintiff did not name the property owners as defendants in the original suit. Furthermore, although the Claim of Lien defendants were aware that claims of lien had been filed within the time period, they were not aware of a claim to enforce the liens until well after the 180-day time period had expired. The *Langdon* Court rejected the argument that notice of filing the claim of lien satisfied the element of notice of enforcement of that claim of lien. Because defendants in the case at hand did not have notice of the enforcement claim within the statutory time period, plaintiff's amended complaint could not relate back to the date of the original complaint.

Plaintiff failed to file an action to enforce the claim of lien against the Claim of Lien defendants until well after the 180-day time limit had expired. There is no evidence that defendants otherwise had notice within the time period that such claims would be filed or that they should have known an action would be instituted against them. There is no evidence that the Claim of Lien defendants and MRM had some "nexus" or identity of interest such that service on MRM would constitute notice to the Claim of Lien defendants. We conclude that there are no genuine issues of material fact regarding the elements of the *Ring Drug* test. Because the amendment did not relate back to the date of the original complaint, the action against the Claim of Lien defendants was barred by the 180-day limitation period set forth in section 44A-13. We therefore affirm summary judgment in favor of the Claim of Lien defendants.

Affirmed.

Judges JOHNSON and GREENE concur.